STANDARD OIL COMPANY (INDIANA) *v.* UNITED STATES ET AL.

No. 384. Argued March 20, 1931.—Decided April 13, 1931.

*Mr. John R. Cochran,* with whom *Messrs. L. L. Stephens* and *Harry I. Allen* were on the brief, for appellant.

*Assistant to the Attorney General O'Brian,* with whom *Solicitor General Thacher* and *Messrs. Charles H. Weston,* Special Assistant to the Attorney General, *Daniel W. Knowlton,* Chief Counsel, Interstate Commerce Commission, and *J. Stanley Payne,* Assistant Chief Counsel, were on the brief, for the United States and Interstate Commerce Commission.

*Mr. Louis H. Strasser,* with whom *Messrs. J. L. Aber, M. L. Bluhm, D. P. Connell, J. N. Davis, E. J. Halberg, Herbert S. Harr, Walter McFarland, G. D. Peters, M. B. Pierce, K. L. Richmond, E. A. Smith, F. H. Towner,* and *Frederic D. McKenney* were on the brief, for the Atchison, Topeka & Santa Fe Railway Company et al.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a suit in equity brought in the court below against the United States, the Interstate Commerce Commission, and some fifty interstate railway carriers, under the provisions of the Urgent Deficiencies Act of October 22, 1913, c. 32, 38 Stat. 208, 219, abolishing the Commerce Court and transferring its jurisdiction to the several district courts of the United States. The provisions conferring jurisdiction are found in c. 309, 36 Stat. 539,

U. S. C., Title 28, § 41 (27) (28), and include the following cases:

"First. All cases for the enforcement, otherwise than by adjudication and collection of a forfeiture or penalty or by infliction of criminal punishment, of any order of the Interstate Commerce Commission other than for the payment of money.

"Second. Cases brought to enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission."

Appellant sought to enjoin and annul an order of the Commission dismissing two complaints filed with that body to recover damages for numerous alleged overcharges exacted by the carriers. The petition also prayed that the Commission be directed by the court to enter an order "granting the prayer of said complaints, and finding that petitioner has been overcharged by an amount which is equal to the difference between the rates assessed by said defendant carriers and the rates lawfully applicable to said petitioner's shipments, and ordering a further hearing, if necessary, for the purpose of determining the amount of money to be paid by the defendant carriers to petitioner by way of reparation . . ." The complaints alleged overcharges on about 2,500 shipments of petroleum products originating at Wood River, Illinois, or at points west of the Mississippi River, and carried to various eastern destinations. It is unnecessary, in view of our conclusions, to state the case at length. It is fully set out in the reports of the Commission (113 I. C. C. 597; 139 I. C. C. 297) and in the opinion of the court below.

The rates assailed before the Commission were those charged according to what is called the "Kelley tariff." Appellant contended that there were in effect specific rates taking precedence which were lower and should have been applied. The order of the court below, constituted of three judges as required by the Urgent Deficiencies Act,

was, in effect, a dismissal of the petition for the want of jurisdiction, 41 F. (2d) 836; and with that action we agree.

*First.* The Commission made two reports, one following the original hearing, and the other after reargument. The order based upon these reports simply dismissed the complaints; that is to say, the Commission refused to grant any affirmative relief to the appellant. It is plain that the order is negative both in form and effect. The jurisdiction of the district courts (transferred from their predecessor, the Commerce Court), in this class of cases, embraces (1) those brought for the " enforcement " of orders of the Commission, and (2) those brought to " enjoin, set aside, annul, or suspend in whole or in part " such orders. It is obvious that this language was not intended to apply to purely negative orders. A negative order which denies relief without more compels nothing requiring enforcement, and contemplates no action susceptible of being stayed by an injunction or affected by a decree setting aside, annulling, or suspending the order.

The question in the present case depends upon the correct interpretation and application of the second subdivision of the act conferring jurisdiction, referred to and quoted *supra;* and necessarily the district court was without jurisdiction under the settled construction of that provision by which the authority of the court is limited to the review of affirmative orders, with " power to relieve parties in whole or in part from the duty of obedience to orders which are found to be illegal." *Procter & Gamble* v. *United States,* 225 U. S. 282, 292–293; *Manufacturers Ry. Co.* v. *United States,* 246 U. S. 457, 483; *Piedmont & Nor. Ry. Co.* v. *United States,* 280 U. S. 469, 477.

*Second.* The case before the Commission did not, as contended, involve merely the construction of the written words employed in a rate tariff—a simple question of law—but required consideration of matters of fact and

the application of expert knowledge for the ascertainment of the technical meaning of the words and a correct appreciation of a variety of incidents affecting their use. It is evident from an inspection of the record, as the Commission in its first report said, that "both cases concern unusually complicated and technical tariff situations," the proper determination of which called for the exercise of the trained judgment of that body of experts, " appointed by law and informed by experience." *Illinois Central R. Co.* v. *Interstate Commerce Comm.*, 206 U. S. 441, 454. And to that body, in the interest of uniformity, the determination must be left.

In *Great Northern Ry. Co.* v. *Merchants Elevator Co.*, 259 U. S. 285, 291–292, this court held that to determine whether a rate is reasonable for the future, or whether a shipper has been wronged by the exaction of an unreasonable or discriminatory rate in the past, preliminary resort to the Commission is required.

" It is required because the enquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable; and such acquaintance is commonly to be found only in a body of experts. But what construction shall be given to a railroad tariff presents ordinarily a question of law which does not differ in character from those presented when the construction of any other document is in dispute."

Then, after pointing out that resort to extrinsic evidence is sometimes necessary to establish the meaning of words appearing in a written instrument, in which case the function of construction is preceded by the determination of a matter of fact, the court said that

". . . where the document to be construed is a tariff of an interstate carrier, and before it can be construed it is necessary to determine upon evidence the peculiar meaning of words or the existence of incidents alleged to be attached by usage to the transaction, the preliminary determination must be made by the Commission; and not until this determination has been made, can a court take jurisdiction of the controversy. If this were not so, that uniformity which it is the purpose of the Commerce Act to secure could not be attained."

There being nothing to suggest that the Commission acted arbitrarily or without evidence to support its conclusions, or that it transcended its constitutional or statutory powers, *Interstate Commerce Comm.* v. *Union Pacific R. Co.,* 222 U. S. 541, 547, it follows that, apart from what is said in support of the ground first above stated, the order of the Commission was not susceptible of review by the courts. Compare *Interstate Commerce Comm.* v. *Delaware, L. & W. R. Co.,* 220 U. S. 235, 251; *United States* v. *Louisville & N. R. Co.,* 235 U. S. 314, 320; *East Tennessee, V. & G. Ry. Co.* v. *Interstate Commerce Comm.,* 181 U. S. 1, 27.

*Third.* But putting the foregoing grounds entirely aside, and assuming the correctness of appellant's contentions to the contrary, nevertheless, having regard to the remedy invoked and the relief sought by the petition, we think the district court was without jurisdiction. Section 9 of the Interstate Commerce Act, c. 104, 24 Stat. 379, 382; U. S. C., Title 49, § 9, provides that a claim for damages against a common carrier may be brought before the Commission by complaint, or by an action in a federal district court of competent jurisdiction, but that the claimant or claimants " shall not have the right to pursue both of said remedies, and must in each case elect which one of

the two methods of procedure herein provided for he or they will adopt." Having elected to proceed and having proceeded to a determination before the Commission, appellant was, by force of this provision, precluded from seeking reparation upon the same claims by the alternative method of procedure. Compare *Geo. A. Hormel & Co.* v. *Chicago, M. & St. P. Ry. Co.*, 283 Fed. 915, 918.

It is true that appellant sought to enjoin and set aside the order of the Commission, but only as a preliminary step toward obtaining, by a decision upon the merits of the claims, the same relief it failed to secure from the Commission. This is made clear by the prayer of the petition, already quoted, namely, that the Commission be directed by the court to grant the prayer of the complaints; find that petitioner has been overcharged to the extent set forth; and order a further hearing, if necessary, to determine the amount to be paid by way of reparation. It is of no importance that the adjudication sought is to take the form of a direction to the Commission to grant the prayer of the complaints filed before that body, etc., instead of a plenary judgment to the same end, for the prayer in that form is nothing less than an attempt to avoid the statute by indirection. In substance and in principle the claim before the Commission and the claim before the court were the same, and the district court was without authority to entertain the controversy. It is hardly necessary to add that, since § 9 contemplates that the jurisdiction in such cases shall be exercised by the federal district courts as ordinarily constituted, the specially constituted court is without jurisdiction to dispose of an action under that section even if brought in the district court in the first instance.

The order of dismissal is

*Affirmed.*