## ATLANTIC LUMBER CORPORATION v. SOUTHERN PAC. CO. et al.

Civil No. 710.

District Court, D. Oregon.
Oct. 26, 1942.

See, also, 2 F.R.D. 313; 47 F.Supp. 511.

E. K. Marohn, of Seattle, Wash., for plaintiff.

Dey, Hampson & Nelson, Paul P. Farrens, and R. R. Morris, all of Portland, Or., for defendant Southern Pac. Co.

Carl C. Donaugh, U. S. Atty., and C. Laird McKenna, Asst. U. S. Atty., both of Portland, Or., and S. R. Brittingham, Jr., Sp. Asst. to Atty. Gen., of Washington, D. C., for defendant United States.

Allen Crenshaw, Atty., Interstate Commerce Commission, of Washington, D. C., for defendant Interstate Commerce Commission.

JAMES ALGER FEE, District Judge.

The statement of facts is set forth in the opinion of the statutory court filed this day in the same cause. 47 F.Supp. 511.

The "first cause of action" sets up that the defendant, Southern Pacific Company, had overcharged for demurrage and freight rates. The court takes cognizance of the "second cause of action" set up in the complaint, where it is alleged that the Interstate Commerce Commission had dismissed a complaint filed before it for the same matter and had found no ground for recovery.

The court (one judge sitting), on motion for dismissal directed against the second amended complaint on account of misjoinder, held that there was no improper joinder either of "claims"[1] or of parties[2] which could be taken advantage of under the Federal Rules of Civil Procedure, but that the claims should be separated for trial,[3] if necessary, before a statutory three-judge court and one judge, respectively. Under the circumstances, the "second cause of action" was heard by a statutory three-judge court which disclaimed jurisdiction of the "first cause of action" and sent it

---

[1] Rule 8(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Rules 20 and 21, Federal Rules of Civil Procedure.

[3] See Lynn v. United States, 5 Cir., 110 F.2d 586. Federal Housing Administrator v. Christianson, D.C., 26 F.Supp. 419.

back for trial by a single judge, as noted in the previous opinion.

 It is obvious that a suit for damages cannot be maintained against the United States of America nor the Interstate Commerce Commission without the authorization of a statute of consent. Therefore, as to these parties, the action, consisting now of the "first cause of action", must be dismissed. But the court must consider whether any ground for relief against defendant, Southern Pacific Company, has been set up.

 The Interstate Commerce Commission has not made an award against that company, which the latter has refused to pay. Under such circumstances plaintiff would have had a remedy under Section 16(2) of the law.[4]

 The action of the Commission is final and binding upon this court in regard to rates for the future and reparations.[5] The three-judge court called upon to review these matters have refused to disturb the findings in this regard.

 As to the misconstruction of the rate schedules and alleged resultant damage, plaintiff was, under the statute,[6] given an election to proceed before the Commission or before a court in the first instance. It elected to present the claims to the Commission. Because of the action of the Commission, this court is precluded from giving further consideration thereto.[7]

The order will be that the "first cause of action" contained in the second amended complaint is dismissed for lack of jurisdiction as to United States of America and Interstate Commerce Commission. This claim is dismissed as to Southern Pacific Company because by the election of plaintiff to bring proceedings before the Interstate Commerce Commission, the order of that body was final and the claim cannot be re-litigated before this court.

---

[4] 49 U.S.C.A. § 16(2).

[5] Standard Oil Company v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L. Ed. 999; note, Rochester Telephone Corp. v. United States, 307 U.S. 125, 140, 59 S.Ct. 754, 83 L.Ed. 1147; Interstate Commerce Commission v. United States ex rel. Members of Waste Merchants Ass'n, 260 U.S. 32, 43 S.Ct. 6, 67 L.Ed. 112; Interstate Commerce Commission v. United States, 289 U.S. 385, 53 S.Ct. 607, 77 L.Ed. 1273.

[6] 49 U.S.C.A. § 9.

[7] Standard Oil Company v. United States, supra, 283 U.S. 240, 241, 51 S.Ct. 429, 75 L.Ed. 999; Baltimore & Ohio R. R. v. Brady, 288 U.S. 448, 457, 458, 53 S.Ct. 441, 77 L.Ed. 888.