## OLD COLONY FURNITURE CO. et al. v. UNITED STATES et al.

### Civil No. 50–304.

United States District Court,
D. Massachusetts.

Jan. 31, 1951.

508

Gould H. Coleman, Gardner, Mass., for plaintiff.

Daniel W. Knowlton, Chief Counsel, Edward M. Reidy, Associate Chief Counsel, for Interstate Commerce Commission, Washington, D. C., Gerald L. Phelps, Sp. Asst. to the Atty. Gen., for defendant.

Harold E. Spencer, Chicago, Ill., Prime F. Osborn, III, Mobile, Ala., Neal J. Holland, Boston, Mass., for Illinois Central Railroad Co. et al., Intervening Defendants.

FORD, District Judge.

This an action under 28 U.S.C.A. § 1336 to set aside an order of the Interstate Commerce Commission dismissing complaints brought before that Commission under 49 U.S.C.A. § 9 in which petitioners here sought reparation for alleged overcharges by certain railroads which have been allowed to intervene as defendants in the present action.

Between 1942 and 1946 petitioners paid freight on various shipments, by rail, of wooden automobile parts. Before shipment these parts had been treated with a coat of sealer material, a coat of primer material, and a coat of olive drab lusterless enamel. The dispute is as to which of two commodity descriptions is applicable to these shipments. Item 425 of the tariff known as Agent Hoke's I.C.C. No. 546 (and corresponding items in other tariffs) is for "Freight automobile body parts, * * * painted, i.e., further advanced in the stage of manufacture than in the white, or creosoted or otherwise preservatively treated." Item 310 of that tariff (and corresponding items of other

tariffs) is for "Automobile * * * boards * * * made wholly of wood, in the white or creosoted or otherwise preservatively treated." Freight was paid on the basis of Item 425. The shippers contend that Item 310 should have been applied since the coat of enamel applied to the wooden parts was merely a preservative. The Interstate Commerce Commission held that paint was not a preservative, within the meaning of the tariff descriptions, but only a protective coating; that the wooden parts were painted; and that, therefore, Item 425 was properly applied.

Defendant railroads have raised a question as to the jurisdiction of the court. They rely upon § 9 of the Interstate Commerce Act, 49 U.S.C.A. § 9, which grants to persons in the position of petitioners here the right to proceed either by way of an action for damages in the District Court or by way of a complaint to the Commission, and then provides that "such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt." It is contended that this section as interpreted in Standard Oil Company of Indiana v. United States et al., 283 U.S. 235, 51 S.Ct. 429, 75 L.Ed. 999, makes the decision of the Commission final and subject to no judicial review whatsoever. Petitioner, the Interstate Commerce Commission, and the United States, through a representative of the Attorney General, argue that under 28 U.S.C.A. § 1336, this court does have jurisdiction over the present action.

The recent case of United States v. Interstate Commerce Commission et al., 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451, supports the petitioners" contention. The railroads here contend, however, that under that case a distinction can still be made between those cases in which the shipper is free to bring his action either in the courts or before the Commission and those in which he must first resort to the Commission because the questions raised fall within the primary jurisdiction of the agency. Texas & Pacific Railway Company v. American Tie & Timber Co., Ltd.,

234 U.S. 138, 34 S.Ct. 885, 58 L.Ed. 1255; Texas & Pacific Railway Company v. Abilene Cotton Oil Company, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. It is argued that in cases of the former class, court review of the Commission's order is still barred. It is true that in the Supreme Court in 337 U.S. at page 436, 69 S.Ct. 1410, 93 L.Ed. 1451, discusses this distinction. But this appears to be brought forward only as an additional ground for holding that even under the Standard Oil Company decision, supra, the case then before the court would have been open to review. And the discussion of § 9 makes no distinction between the various types of cases under § 9 but holds that all are subject to review. The Supreme Court's holding was specifically, 337 U.S. at page 440, 69 S.Ct. at page 1418, that "a Commission order dismissing a shipper's claim for damages under 49 U.S.C. § 9, 49 U.S.C.A. § 9, is an 'order' subject to challenge under 28 U.S.C. (1946 ed.) § 41(28)." [1]

■ Moreover, even if the distinction urged by defendant carriers were still valid, the present case is one in which review would be allowed. The American Tie & Timber Co., case, supra, is a leading instance of the type of case in which the doctrine of primary jurisdiction is applicable. In that case the question was whether the words "lumber, all kinds" [234 U.S. 138, 34 S.Ct. 886] as used in the applicable tariffs included oak railway crossties. The question here is a similar one, viz., whether the words "otherwise preservatively treated" apply to articles which have been given a single coat of enamel. It is a question of whether or not a peculiar or technical meaning is to be given to the words of the tariff. Cf. Great Northern Railway Co., v. Merchants Elevator Co., 259 U.S. 285, 293, 42 S.Ct. 477, 66 L.Ed. 943. The case here is one in which petitioners were obliged to have recourse to the Commission in the first instance, and thus one in which United States v. Interstate Commerce Commission et al., supra, clearly holds that judicial review is available.

■ Furthermore, the reasoning of the Supreme Court in the Standard Oil case, supra, 283 U.S. at page 241, 51 S.Ct. 429, was based on the ground that what was really sought there was a retrial of the case on the merits in the District Court. This, of course, was only obtaining by indirection what 49 U.S.C.A. § 9 clearly forbids. But this should not preclude the limited review which has been available in actions to set aside orders of the Interstate Commerce Commission. The scope of this review has been well summarized in Interstate Commerce Commission v. Union Pacific Railroad Company, 222 U.S. 541, 32 S.Ct. 108, 56 L.Ed. 308, and many of the leading cases have been collected in Hanna Furnace Corp. v. United States, D.C., 53 F.Supp. 341. It is only this limited review, and not a trial de novo which this court holds is available in this case. The specific contention which was rejected in United States v. Interstate Commerce Commission et al., supra, 337 U.S. at page 433, 69 S.Ct. at page 1415, was that in cases such as this the order of the Commission "is final and not reviewable by any court even though entered arbitrarily, without substantial supporting evidence, and in defiance of law." It is only these questions which are now open to review, and not the question of whether or not this court on the evidence would have reached the same result as did the Commission.

■ The various pleadings in the proceedings before the Commission, the transcript of testimony at the hearing before the examiner, the examiner's proposed report, and the report of the Commission have been introduced in evidence. It is unnecessary to enter into an exhaustive analysis of the details of the testimony. On the question of the definition of preservative in the generally understood and accepted commercial sense, a number of expert witnesses introduced by both sides were heard by the examiner. It is for the Commission to pass upon the credibility of these witnesses and the weight to be given to their testimony. Merchants

1. Now found in substance in 28 U.S.C.A. § 1336.

Warehouse Co. v. United States et al., 283 U.S. 501, 508, 51 S.Ct. 505, 75 L.Ed. 1227. There was ample evidence on which the Commission could arrive at its conclusion as to the definition of the word "preservative". Neither was the Commission compelled to arrive at a different decision because of the argument based on Item 430 of the tariff which applied to certain automobile body parts "not further advanced in the stage of manufacture than cut to shape, creosoted, dipped or sprayed with one coat of paint, or otherwise preservatively treated." It is true that all parts of the tariff should be kept in mind in interpreting any particular item in the tariff, and that Item 430 does afford an argument that paint should be considered a preservative. But this is not conclusive of the question. On the contrary, Item 425 furnishes an argument that paint is not, within the meaning of that Item, a preservative. It was for the Commission to reconcile this apparent conflict, and its conclusion cannot be said to be irrational or unjustifiable.

 It is true that it has been frequently said that the construction of a railroad freight tariff, like that of any other document, is a question of law. But at times, as is the case here, the question of law is inextricably mingled with questions of fact. Here, as petitioners themselves contend, the words of the tariff must be given the sense which they would convey to the shipper who reads it. But this in turn requires findings of fact as to the meanings which these words have in industrial usage. Cf. Great Northern Railway Co., v. Merchants Elevator Co., supra. These latter findings of the Commission, being supported by substantial evidence, cannot be upset. In the light of these findings, the Commission's ruling as to which item of the tariff is applicable is correct.

Petitioners also contend that the Commission's report does not discuss their argument based on Item 430 and is in other respects incomplete. The report however specifically states that "Exceptions and requested findings not specifically discussed in this report have been given

consideration and found not justified." Failure to make a complete discussion of all the testimony or arguments brought forward by the parties is not ground for holding that the Commission's order is invalid. The findings and conclusions set forth in the report here are adequate to sustain the order. Chicago, B. & Q. R. Co. et al. v. United States et al., 60 F.Supp. 580, 583, and cases there cited.

The order of the Commission in this case is not arbitrary or capricious, nor is it contrary to law. It is based on adequate evidence, and its conclusions are rational and justifiable. Hence it will not be upset by this court.

Judgment for defendants.