**D. L. PIAZZA CO. et al.**
**v.**
**WEST COAST LINE, Inc. et al.**
**No. 52 C 2638.**

United States District Court,
N. D. Illinois, E. D.
Oct. 1, 1953.

938

Lord, Bissell & Kadyk, Chicago, Ill., for D. L. Piazza Co.

Philip W. Tone, Johnston, Thompson, Raymond & Mayer, Chicago, Ill., for West Coast Line, Wessell, Duval & Co., and J. Lauritzen.

Otto Kerner, Jr., Chicago, Ill., for United States and Federal Maritime Board.

LA BUY, District Judge.

On May 5, 1948 the plaintiff filed a complaint with the United States Maritime Commission, predecessor of the Federal Maritime Board, alleging that the private defendants had entered into an oral charter party with the plaintiff whereby the plaintiff was to have exclusive use of the vessel Argentinean Reefer for a direct voyage from Valparaiso, Chile, to New York, and that the defendants failed to perform their obligations with respect to said agreement whereby the rates and charges made therefor were discriminatory, prejudicial and unfair and in violation of the Shipping Act of 1916, as amended, 46 U.S.C.A. §§ 812, 815 and 816. The plaintiff sought the sum of $51,132.69 with interest, as an award of reparation for unlawful rates and charges. On December 11, 1951 the Federal Maritime Board entered an order denying reparations as to two of the private defendants and

awarded the sum of $2,500 to be recovered from the remaining defendant, J. Lauritzen. It appears that said sum was tendered to the plaintiff by said defendant on December 17, 1951 and December 31, 1951, but both tenders were returned by the plaintiff. On December 10, 1952 the plaintiff filed the present suit in this court.

It is alleged the jurisdiction of this court exists under Title 28 United States Code, Section 1331, in that the matter in controversy exceeds the sum of $3,000 and arises under the laws of the United States; and also under Section 1332 in that diversity of citizenship exists between the litigants and the amount in controversy exceeds the sum of $3,000. In addition, jurisdiction is also premised upon Section 829 of the Shipping Act, 46 U.S.C.A. The complaint prays that plaintiff recover judgment against the private defendants and that the orders of the Federal Maritime Board be set aside, annulled and suspended upon the entry of the judgment prayed for.

All defendants have moved to dismiss the aforesaid complaint for the following reasons: (1) the court lacks original and review jurisdiction of the subject matter, (2) the service of summons issued herein as to private defendants should be quashed since none are present in this jurisdiction, (3) the action should be dismissed on the ground of improper venue, (4) if the action be not dismissed, it should be transferred to the United States District Court for the Southern District of New York.

It is essential before proceeding to any of the other grounds of dismissal that this court determine whether or not jurisdiction of this action rests in this court.

It is the contention of defendants that the procedure established under the Shipping Act renders the jurisdiction of the Federal Maritime Board exclusive; that the plaintiff cannot pursue his cause of action anew in the district court when it has already been adjudicated by that administrative body.

In Roberto Hernandez, Inc., v. Arnold Bernstein Schiffahrtsgesellschaft, 2 Cir., 1941, 116 F.2d 849, 851, the Shipping Board found that the defendant was guilty of unlawful discrimination as charged in the complaint before it and ordered the defendants to pay damages as reparations. In an action in the district court to enforce the payment of said damages under 46 U.S.C.A. § 829, the award was confirmed but the district court failed to hold that the plaintiff was entitled to damages on the proof made. On appeal, the defendants resisted enforcement of the order not only on the grounds upheld by the district court, but also on the ground that the Commission had no jurisdiction. In considering that contention, the Court of Appeals said:

"* * * The theory is that suit should have been brought in the first instance without making any complaint to the Commission. It is argued that, as the gist of the plaintiff's grievance was that the defendants had wholly refused and neglected to perform a legal duty to provide available freight space, the issue was uncomplicated by technical and intricate factual matters which needed the action of any expert commission to bring about uniformity in administration and prevent discrimination. * * * But we cannot agree that the facts in this case did not call for technical knowledge in the solution of the problem of deciding whether the defendants were guilty of unjustly discriminatory practices in the light of the tonnage and the manner in which their vessels should be loaded with these automobiles which were to be shipped uncrated. The contrary seems self-evident and the Maritime Commission had power to entertain the complaint. 46 U.S.C.A. § 821. And where, as here, involved questions of fact must be determined and given proper effect in view of the requirements of correct maritime methods relating to the stowage of the particular kind of freight, the remedy by way of complaint first to the Commission is exclusive. United States Navigation Co. v. Cunard S.S. Co., 284 U.S. 274, 52 S.Ct. 247, 76 L.Ed. 408."

And, in the United States Navigation Co. v. Cunard S.S. Co., 284 U.S. 474, 52 S.Ct. 247, 249, 76 L.Ed. 408, the Supreme Court stated as follows:

"The Shipping Act is a comprehensive measure bearing a relation to common carriers by water substantially the same as that borne by the Interstate Commerce Act to interstate common carriers by land. When the Shipping Act was passed, the Interstate Commerce Act had been in force in its original form or in amended forms for more than a generation. Its provisions had been applied to a great variety of situations, and had been judicially construed in a large number and variety of cases. The rule had become settled that questions essentially of fact and those involving the exercise of administrative discretion which were within the jurisdiction of the Interstate Commerce Commission, were primarily within its exclusive jurisdiction, and, with certain exceptions not applicable here, that a remedy must be sought from the Commission before the jurisdiction of the courts could be invoked. In this situation, the Shipping Act was passed. In its general scope and purpose, as well as in its terms, that act closely parallels the Interstate Commerce Act; and we cannot escape the conclusion that Congress intended that the two acts, each in its own field, should have like interpretation, application, and effect. It follows that the settled construction in respect of the earlier act must be applied to the later one, unless, in particular instances, there be something peculiar in the question under consideration, or dissimilarity in the terms of the act relating thereto, requiring a different conclusion."

**940**

■ The sections which the plaintiff claims were violated by defendants were §§ 812, 815, and 816 relating to discriminatory acts and rates. Preliminary resort to the administrative body

"must be had where a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, and also where it is necessary, in the construction of a tariff, to determine upon evidence the peculiar meaning of words or the existence of incidents alleged to be attached by usage to the transaction. In all such cases, the uniformity which it is the purpose of the Commerce Act to secure could not be obtained without a preliminary determination by the Commission. Preliminary resort to the Commission is required because the enquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable; and such acquaintance is commonly to be found only in a body of experts. * * *'" United States Navigation Co. v. Cunard S.S. Co., supra, 284 U.S. at page 482, 52 S.Ct. at page 249.

See also Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 301, 64 S.Ct. 95, 88 L.Ed. 61; Far East Conference v. U. S., 1951, 342 U.S. 570, 574, 72 S.Ct. 492, 96 L.Ed. 576.

■ Thus, in the instant situation where determination is to be made of whether unjust discriminatory rates were charged by the defendant, the court is of the opinion the jurisdiction of the Shipping Board is primary and exclusive and this court has no jurisdiction to determine the issues of damages as prayed for in the complaint.

■ With respect to the incidence of review jurisdiction by this court, it is pertinent to determine the effect of the decision of the Supreme Court of the United States in United States v. Interstate Commerce Commission, 1948, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451, together with the review provisions of Interstate Commerce orders existing in Title 28, § 1336 and Chapter 157 of that title; and the construction and interpretation to be accorded Sec. 1032 of the administrative procedure act. 5 U.S.C.A. as it relates to Sec. 830 of the Shipping Act, 46 U.S.C.A. Primary consideration should be given to the nature of an order denying reparations. In this respect the plaintiff argues that § 829 is the applicable section providing for review in the instant case. That section is as follows:

"§ 829. Violation of orders of commission for payment of money. In case of violation of any order of the commission for the payment of money the person to whom such award was made may file in the district court for the district in which such person resides. or in which is located any office of the carrier or other person to whom the order was directed, or in which is located any point of call on a regular route operated by the carrier, or in any court of general jurisdiction of a State, Territory, District, or possession of the United States having jurisdiction of the parties, a petition or suit setting forth briefly the causes for which he claims damages and the order of the commission on the premises. * * *"

In support of this contention plaintiff relies upon United States v. Interstate Commerce Commission, supra [337 U.S. 426, 69 S.Ct. 1419], wherein the Government was denied reparation and appealed to the United States District Court. That court, three judges sitting, dismissed the suit and the appeal to the Supreme Court followed. The particular quotation which plaintiff sets forth is:

"While the Government here does not seek enforcement of a Commission order for the payment of money, the root of the controversy concerns the payment of money damages under 49 U.S.C. §§ 8, 9, 49 U.S.C.A. §§ 8, 9. Had the Commission made an award to the Government it could have filed a civil suit to recover money damages under the provisions of 49 U.S.C. § 16(2), 49 U.S.C.A. § 16(2). That section provides that such a suit 'shall proceed in all respects like other civil suits for damages * * *'—that is, before one district judge. And an appeal from a judgment in such a case goes to the Court of Appeals. The same one-judge trial and appeal procedure available for enforcement of an award order would appear to be an equally appropriate and adequate tribunal for adjudication of validity of a Commission order denying reparations. For actions to enforce Commission orders awarding reparation, and actions to challenge Commission orders denying reparations, basically involve the same parties, the same disputes, the same claims for money damages, and the same statutes. We think the orders in both instances should be reviewed in the same one-judge tribunal."

However, it is to be observed that the section of the Interstate Commerce Act, § 16(2) referred to, was not the premise upon which jurisdiction of the district court for purposes of review was based. The Supreme Court said:

"Third. 28 U.S.C. [1946 ed.] § 41(28) provides that 'The district courts shall have original jurisdiction * * * Of cases brought to enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission.' The legal consequences of this order if upheld will finally relieve the railroad of any obligations to the Government on account of the alleged unlawful charges; the order thus falls squarely within the type made subject to judicial review by § 41 (28). * * *'"

"Fourth. For reasons already stated we hold that a Commission order dismissing a shipper's claim for damages under 49 U.S.C. § 9, 49 U.S.C.A. § 9, is an 'order' subject to challenge under 28 U.S.C. [1946 ed.] § 41(28). The remaining question is whether a district court entertaining such a challenge shall be composed of one judge or three judges and whether the judgment of a district court in such a case can be appealed directly to this Court."

Section 1336, Title 28 U.S.C. (Former § 41(28) of the same title) reads:

"Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission."

Thus, it is to be concluded that review procedure of denial of reparations is to be pursued not under the section providing for the enforcement of money orders, but under the provision which covers an action to set aside, annul or suspend any order of the commission, and the procedure for review should be as set forth in that applicable section. In the instant case, § 829 deals expressly and specifically with violations of orders of commission for payment of money. Rejection by the Board of a money claim is outside its express language and clearly cannot be implied from any language in it. Furthermore, the award of money ordered by the commission was tendered to plaintiff and refused so there was and is no violation of the order of the commission for the payment of money. Therefore, plaintiff's contention that the review provisions of § 829 apply because the Supreme Court held a one-judge proceeding adequate for review of a denial of reparation is without merit since a denial of reparation is not within the terms of § 829.

Section 830 of the Shipping Act provides the method for review of an action to "enforce, suspend, or set aside, in whole or in part, any order of the commission". Said section provides:

"The venue and procedure in the courts of the United States in suits brought to enforce, suspend, or set aside, in whole or in part, any order of the board shall, except as herein otherwise provided, be the same as in similar suits in regard to orders of the Interstate Commerce Commission, but such suits may also be maintained in any district court having jurisdiction of the parties."

The clause therein "be the same as in similar suits in regard to orders of the Interstate Commerce Commission" would make the holding of the Supreme Court applicable here. The same section, it is to be noted, also gave jurisdiction to the district court where jurisdiction existed over the parties. Therefore, § 830, before passage of the administrative procedure act, would undoubtedly permit review by a district court having jurisdiction of the parties.

Nevertheless, said section must now be read with § 1032 of the administrative procedure act which reads as follows:

"The court of appeals shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of, all final orders * * * (c) Such final orders of the United States Maritime Commission or the Federal Maritime Board or the Maritime Administration entered under the authority of the Shipping Act, 1916, as amended, and the Intercoastal Shipping Act, 1933, as amended, are now subject to judicial review pursuant to the provisions of section 830 of Title 46. * * * *"

Section 1032 is precise and direct, courts of appeal shall have exclusive jurisdiction of final orders formerly subject to judicial review under § 830 of the Shipping Act.

The Supreme Court in determining whether the same type of order, that is, denial of reparations, should be reviewed by a one-judge rather than a three-judge tribunal stated:

"Provisions of the Urgent Deficiencies Act of 1913 abolished the Commerce Court and transferred its jurisdiction to district courts composed of three judges. In considering this Act Congress was urged to bear in mind the necessity for providing a forum that could expeditiously review Commission orders of widespread importance. But in passing the 1913 Act Congress denied power to three-judge courts to enforce Commission orders for the payment of money. And in a case not involving reparations this Court held that orders relating merely to the payment of money are not likely to be of sufficient public importance to justify use of the three-judge procedure. * * * The Urgent Deficiencies Act with 49 U.S.C. § 9, 49 U.S.C.A. § 9, which requires enforcement of Commission reparation awards in one-judge courts, indicates the belief of Congress that such orders are not of sufficient public importance to justify the accelerated judicial review procedure.

* * * * *

We have frequently pointed out the importance of limiting the three-judge court procedure within its expressly stated confines. We are confident that in holding that one judge rather than three should entertain cases challenging Commission reparation orders we interpret the congressional expediting procedure and the Interstate Commerce Act in accordance with their basic purpose."

The Supreme Court held the special expediting review procedure requiring a three-judge court does not apply to an order of the Commission which is "not of sufficient public importance to justify

the accelerated judicial review procedure." While as previously quoted the two acts, i. e., the Shipping Act and the Interstate Commerce Act are of similar nature and should be applied similarly, where the terms of the act are dissimilar and require a different construction, heed must be given to such dissimilarity. The court is of the opinion the order herein is within the provisions of § 1032 of the administrative procedure act and this court has no jurisdiction of the subject matter.

For the above and foregoing reasons, the defendants' motions to dismiss the plaintiff's complaint are sustained. An order in accord therewith has this day been entered.