**D. L. PIAZZA CO. et al.**
**v.**
**WEST COAST LINE, Inc., et al.**
**No. 133, Docket 22899.**

United States Court of Appeals
Second Circuit.
Argued Feb. 9, 1954.
Decided March 2, 1954.

948

McNutt & Nash, J. Newton Nash and Edward B. Hayes, New York City, Edward B. Hayes and Stephen A. Milwid, Chicago, Ill., of counsel, for plaintiff-appellant.

Stanley W. Schaefer, New York City, William M. Kimball, New York City, of counsel, for defendants-appellees, West Coast Line, Inc., Wessel, Duval & Co., Inc. and J. Lauritzen.

Stanley N. Barnes, Asst. Atty. Gen., J. Edward Lumbard, U. S. Atty., Southern Dist. of N. Y., Ralph S. Spritzer and Lawrence Gochberg, Sp. Assts. to Atty. Gen., Max E. Halpern, Acting General Counsel, and Edward Aptaker, Attorney, Federal Maritime Board, Washington, D. C., for defendants-appellees United States of America and Federal Maritime Board.

Before CHASE, Chief Judge, and AUGUSTUS N. HAND and MEDINA, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In May 1948, the appellant, D. L. Piazza Company, commenced a proceeding before the Federal Maritime Board (at that time known as the United States Maritime Commission) pursuant to Section 22 of the Shipping Act of 1916, 46 U.S.C.A. § 821, to recover $51,132.69 in reparations from defendant-appellees, West Coast Line, Inc., Wessel, Duval & Co. and J. Lauritzen. Recovery was sought for alleged violations of the Shipping Act, 46 U.S.CA. §§ 812, 815, 816, resulting from discriminatory charges and practices occurring in connection with a charter party entered into between the parties. The Board, in a final order of December 11, 1951, awarded appellant $2,500 but denied all further claims for reparations. After refusing to accept a tender of $2,500 by defendant J. Lauritzen, the appellant brought this action a year later in the district court alleging invalidity of the Board's order and demanding judgment for the full $51,132.69. On motion of the defendants United States and the Maritime Board, Judge Dimock dismissed the complaint for lack of jurisdiction. D.C., 113 F.Supp. 193. A similar action brought by the appellant challenging the Board's order in the Northern District of Illinois was dismissed on the same ground, D. L. Piazza Co. v. West Coast Line, Inc., D.C.N.D.Ill., 1953, 119 F.Supp. 937, and by stipulation of the parties appeal in that case is stayed pending our decision here. Brief of Appellees West Coast Line, Inc., et al., p. 4 fn.

The appellant seeks first to find jurisdiction in the district court under 28 U.S.C. §§ 1331, 1332. However, this would make the action an original suit to recover reparations under the Shipping Act, and the Supreme Court has made it clear that the Federal Maritime Board has exclusive primary jurisdiction over such matters. United States Navigation Co. v. Cunard S. S. Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408; Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. The appellant cannot proceed originally here in the district court without defeating this primary jurisdiction. Thus, the appellant's only remedy is to review the decision of the Board by way of the appropriate statutory procedure.

■ The appellant argues first that the district court is the proper tribunal to review the order of the Board here by virtue of Section 30 of the Shipping Act, 46 U.S.C.A. § 829. That statute provides: "In case of violation of any

order of the commission for the payment of money * * *" an action may be brought in the district court to enforce the award and "the findings and order of the commission shall be prima facie evidence of the facts therein stated * * *." Since defendant has offered to pay the $2,500 award, that is no longer in issue. Thus appellant is seeking review of a denial of reparations by the Board but the statute, by its language, applies only to actions to enforce reparations awarded by the Board.

The appellant argues, however, that the Supreme Court, in United States v. I.C.C., 337 U.S. 426, 69 S.Ct. 1410, 93 L. Ed. 1451, held that review of a denial of reparations by the I.C.C. could be had under the statute providing for enforcement of awards, 49 U.S.C.A. § 16(2), and since that provision is substantially similar to Section 30 of the Shipping Act, it should be followed here. But the Supreme Court, in disregarding a line of decisions holding orders of the I.C.C. denying reparations not reviewable, see Standard Oil Co. v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L.Ed. 999; Ashland Coal & Ice Co. v. United States, 325 U.S. 840, 65 S.Ct. 1573, 89 L.Ed. 1966, clearly based its decision on 28 U.S.C. § 41 (28) (now § 1336), the general statutory provision providing for a review of I.C.C. orders. See 337 U.S. at page 440–441, 69 S.Ct. 1410. Although the court found the normal three judge district court requirement unnecessary in view of the one judge requirement for enforcement of awards under 49 U.S.C.A. § 16(2) that does not change the fact that jurisdiction was not founded on the enforcement provision. Thus appellant's argument based on Section 30 of the Shipping Act falls.

However, Section 31 of the Shipping Act, 46 U.S.C.A. § 830, provides: "The venue and procedure in the courts of the United States in suits brought to enforce, suspend, or set aside, in whole or in part, any order of the [Board] shall, except as otherwise provided, be the same as in similar suits in regard to orders of the Interstate Commerce Commission * * *." Thus, without more, appellant could proceed in the district court following the procedure outlined in United States v. I. C. C., supra. But in 1950, shortly after the Court's decision, Congress enacted 5 U.S.C.A. § 1032 which provides: "The court of appeals shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of * * * (c) such final orders of the * * * Federal Maritime Board * * as are now subject to judicial review pursuant to the provisions of section 830 of Title 46 [Section 31 of the Shipping Act]." The language is clear and, as applied to the case before us, gives the court of appeals exclusive jurisdiction to review such orders.

The appellant argues that Congress, in enacting Section 1032, did not intend to include review of denial of reparations of the Board. But the language of the statute is broad and appellant has not shown us that Congress intended to exempt this type of case from the operation of the statute. Affirmatively the House Committee report noted that exclusive review in the court of appeals is "the more modern method and is generally considered to be the best method for the review of orders of administrative agencies." 1950 U.S. Code Cong.Serv., pp. 4303, 4306. While Section 1032 was primarily directed at dispensing with the cumbersome three judge court procedure, there is no indication that Congress intended to limit its effect. See United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226. Accordingly we hold that review of the Maritime Board orders denying reparations is exclusive in the court of appeals.

Judgment dismissing the complaint affirmed.