PANHANDLE EASTERN PIPE LINE COMPANY *v.* PUBLIC SERVICE COMMISSION.

1. PUBLIC SERVICE COMMISSIONS—ORDER ON RETURN WITH ADDITIONAL TESTIMONY—APPEAL TO CIRCUIT COURT.

> Pipe line company, which had first been granted a certificate to sell natural gas to a single customer and after intervenor distributor had appealed to circuit court which took additional testimony and returned it with case to commission, whereupon application was denied, was an aggrieved party by such denial and had a right of appeal from such ultimate order of denial (CL 1948, §§ 460.4, 460.506).

2. SAME—REVIEWABILITY OF ORDERS.

> An order of the public service commission is reviewable by party who is aggrieved thereby, irrespective of the fact that it may be termed a "negative order," as the pertinent statute does not make appealability dependent upon whether the certificate or authority sought was granted or denied (CL 1948, §§ 460.4, 460.506).

3. SAME—QUESTIONS REVIEWABLE—JURISDICTION OF CIRCUIT COURT.

> Questions raised by plaintiff pipe line company on appeal from circuit court order denying, for asserted lack of jurisdiction, such plaintiff's right to review order of public service commis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur, Public Utilities and Services § 224.
[2] 43 Am Jur, Public Utilities and Services § 230.
[3] 43 Am Jur, Public Utilities and Services § 225.

sion which had rescinded a previous order granting plaintiff's application to sell natural gas to a single customer after intervenor distributor's appeal of such previous order and remand to commission, are not discussed, since such matters must first be determined by the circuit court which had erroneously dismissed the appeal from the commission's second order (CL 1948, §§ 460.4, 460.506).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 10, 1959. (Docket No. 37, Calendar No. 47,667.) Decided October 12, 1959.

Bill by Panhandle Eastern Pipe Line Company against Michigan Public Service Commission and Michigan Consolidated Gas Company to review an order of the commission. Application by Panhandle for certificate of public convenience and necessity relative to expansion of its service resulted in original order of commission granting certificate. Following action by Michigan Consolidated Gas Company in circuit court and transmittal of additional evidence, commission rescinded its order, and the pending circuit court action was dismissed. Plaintiff Panhandle's bill challenging commission's rescinding order dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Jennings, Fraser, Parsons & Trebilcock (Bodman, Longley, Bogle, Armstrong & Dahling,* of counsel), for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Robert A. Derengoski* and *John E. Tormey,* Assistants Attorney General, for defendant commission.

*Dyer, Meek, Ruegsegger & Bullard,* for defendant Michigan Consolidated Gas Company.

Dethmers, C. J. This case presents questions concerning appellate practice and the review available with respect to determinations of the Michigan public service commission.

Plaintiff, Panhandle Eastern Pipe Line Company, filed application with the commission for a certificate of public convenience and necessity to permit its making a direct sale of natural gas to McLouth Steel Company in Brownstown township, Wayne county, Michigan. Defendant, Michigan Consolidated Gas Company, a distributor of natural gas in the area, was a party to the cause. The commission granted Panhandle the certificate. Consolidated appealed to the Ingham county circuit court under CLS 1956, § 462.26 (Stat Ann 1957 Cum Supp § 22.45) and other applicable statutes. Panhandle intervened as party defendant. Additional and other evidence was adduced in that court, which it transmitted to the commission as provided by statute. Thereafter the commission rescinded its original order, which had granted Panhandle a certificate, and reported its action to the court. As required by the statute, the court then dismissed the action. From that order of dismissal Panhandle appealed to this Court. Later, however, it dropped that appeal after having taken a statutory appeal to the circuit court from the commission's order rescinding its original order. Upon motion of defendants the circuit court then dismissed Panhandle's appeal. From that dismissal, Panhandle takes this appeal here.

The court dismissed Panhandle's appeal on the grounds that there is no statutory authority for such appeal from the commission's second order rescinding its original order after transmittal to it of additional evidence by the circuit court, that an appeal to circuit court from the commission's second order does not lie because that order is negative in character, that Panhandle's appeal represents a collateral

attack on the court's earlier order dismissing Consolidated's appeal, and that the court's decision in that connection rendered the matters raised by Panhandle's appeal *res judicata*.

To support the position that there is no statutory authority for Panhandle's appeal to the circuit court, defendants point to the language of CLS 1956, § 462-.26 (Stat Ann 1957 Cum Supp § 22.45), listing the commission orders which are appealable thereunder, and stress that that list does not include the kind of order here involved.   CL 1948, § 460.4 (Stat Ann 1957 Cum Supp § 22.13[4], provides that "any order or decree of the Michigan public service commission shall be subject to review."   Section 6 of the act (PA 1929, No 69) under which the commission made its order here complained of (CL 1948, § 460-.506 [Stat Ann § 22.146]), provides that any person aggrieved by the order of the commission, made upon an application for the kind of certificate here sought, may review such order in the manner therein prescribed, that being the manner here employed by Panhandle.   The fact that the commission first entered an order granting Panhandle a certificate and then, after appeal to circuit court and transmittal of additional evidence back to it, rescinded its original order rather than having denied the application in the first instance, leaves the net effect of the commission action and final order no less an order made upon Panhandle's application, denying it a certificate on an express finding that public convenience and necessity would not be served thereby.   Panhandle is a party aggrieved by that order.   The statutory provisions above mentioned would have authorized Panhandle to appeal to circuit court if its application for a certificate had been denied in the first place, and they do so as well when the certificate is denied, as here, after appeal to circuit court and transmittal

of additional evidence by that court to the commission.

May there be no review of so-called negative orders of the commission? As observed by the United States supreme court in *Rochester Telephone Corp.* v. *United States,* 307 US 125 (59 S Ct 754, 83 L ed 1147, 28 PUR NS 78), the terms "negative orders" and "affirmative orders" are not appropriate terms of art and an order negative in form may be affirmative in substance. Thus, an order denying one utility a certificate may well result in granting the business sought to another. If, however, by urging a doctrine of nonappealability of negative orders, defendants mean, as applied to present considerations, that an order granting a certificate is appealable but an order denying one is not, we reject it. The statutes above considered provide that "any person aggrieved by the order of the commission made upon said application (for certificate) may review such order." The statute imposes no limitations on that right of review to make it dependent on whether the order grants a certificate as distinguished from denying it. There is no ambiguity in the statutory language permitting creation of such limitation through statutory construction by the court. We need not consider the constitutionality of a statute allowing an appeal to 1 of 2 adversaries, if aggrieved by an order, but not to the other when so aggrieved, inasmuch as it is evident that such was not the legislative intent or meaning of the statute. That it was the view of this Court that an appeal does lie from an order denying a certificate appears from its expression, termed dicta by defendants, that:

"If the commission, after such a hearing, should deny such a certificate to Panhandle, the statute affords it a remedy for review in the courts; and, on the contrary, if at such hearing the commission should grant such a certificate to Panhandle, the

intervenor herein or any other interested party would likewise have the same right of review. The statute so provides. CL 1948, § 460.506 (Stat Ann § 22.146)." *Panhandle Eastern Pipe Line Co.* v. *Michigan Public Service Commission,* 328 Mich 650, 655 (86 PUR NS 1) affirmed 341 US 329 (71 S Ct 777, 95 L ed 993, 89 PUR NS 1).

Such review was had, without challenge, in the circuit court and here in *Giaras* v. *Michigan Public Service Commission,* 301 Mich 262 (43 PUR NS 531, 533), with respect to the commission's denial of an intrastate carrier permit, and in *Chicago, M. St. P. & P. R. Co.* v. *Public Service Commission,* 338 Mich 9 (1 PUR 3d 579), involving a commission denial of a carrier's application to discontinue service. Defendants urge, however, that *Sparta Foundry Co.* v. *Michigan Public Utilities Commission,* 275 Mich 562 (14 PUR NS 530, 534), holds that no appeal lies from commission orders which are negative in character. The holding in that case must be held to apply strictly to what was involved in that case, namely, a so-called reparation order sought under CL 1948, § 462.10, subd (g) (Stat Ann § 22.29, subd [g]). While that section provides that if it finds the rate exacted irregular or exorbitant, the commission shall "make an order authorizing and directing the carrier to pay" a reparation or refund, the evident purpose of such so-called order is, as expressed in the statute, to relieve the carrier, if it makes such payment, from liability for any penalty, forfeiture or prosecution for having made a refund. The statute gives no compulsion to such "order." In fact, it provides merely that if the carrier refuses to make the refund the shipper may bring an action to recover the excessive charge "in the courts of this State," not just in the Ingham county circuit court as in the case of appeals from the commission, and that on trial thereof the finding by the

commission of excessive charge shall be prima facie evidence of the truth of the facts found by the commission. No other office than these 2 is served by the commission action in this connection. Involved in *Sparta Foundry,* then, was a refusal of the commission to make such finding of fact which the shipper might thereafter use in a suit in any court as prima facie evidence of an excessive charge. Failure of the commission to make such finding would not bar such suit. Clearly, neither a finding of that kind by the commission or a failure to make such finding of facts, to stand as prima facie evidence in a subsequent court proceeding, amounts in essence to an order or decree of the commission from which, as previously noted, the statutes provide for an appeal to circuit court. It is to be noted that the discussion in *Sparta* of "negative orders" being non-appealable drew for its support on *Standard Oil Co.* v. *United States,* 283 US 235, (51 S Ct 429, 75 L ed 999, PUR1931D 529, 532), and that the espousal therein of that doctrine has been completely repudiated in the later *Rochester Telephone Case, supra;* and subsequent decisions of the United States supreme court.

Were the issues sought to be raised by Panhandle in its appeal to circuit court from the commission's rescinding order, such as questions of public convenience and necessity, the authority conferred by the statute under which the commission acted, the constitutionality of that statute, and the disqualification of one of the commission members, determined by the circuit court's dismissal, under mandate of the statute, of Consolidated's appeal, leaving those matters now *res judicata* and Panhandle's appeal a collateral attack? Was Panhandle's only remedy, therefore, the prosecution of its appeal here from the court's dismissal of Consolidated's circuit court appeal? Not at all. The commission had granted Pan-

handle a certificate. Consolidated appealed to circuit court. Other and additional evidence was adduced before that court, which it transmitted to the commission as provided by statute. The commission thereafter rescinded its original order and the court, as required by statute, dismissed the action. In so doing, the court decided nothing. There remained in full force and effect a commission order which denied Panhandle's application for a certificate. Panhandle was aggrieved thereby and, under the statute, was entitled to an appeal to circuit court. On presentation of such appeal there the issues above mentioned could, for the first time, properly be before that court. We do not, as Panhandle requests, decide those issues now and here. That is for the circuit court.

Decree below dismissing Panhandle's appeal reversed and the cause remanded to the circuit court for determination thereof. Costs of this appeal to Panhandle against Consolidated.

CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

EDWARDS and KAVANAGH, JJ., did not sit.