**ELLINGSON TIMBER COMPANY,**
Plaintiff-Appellant,

v.

**GREAT NORTHERN RAILWAY COMPANY, a corporation, and Western Pacific Railroad Company, a corporation,**
Defendants-Appellees.

No. 23362.

United States Court of Appeals,
Ninth Circuit.

April 21, 1970.

Roger Tilbury (argued), Portland, Or., for appellant.

Cleveland C. Cory (argued), Walter J. Cosgrave (argued), of Maguire, Kester & Cosgrave, Hugh L. Biggs, of

Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for appellees.

Before HAMLEY and BROWNING, Circuit Judges, and BYRNE * District Judge.

PER CURIAM:

Plaintiff-appellant operated a lumber mill at Klamath Falls, Oregon. Defendants-appellees transported logs to plaintiff's mill and reshipped the finished lumber to various markets.

Plaintiff filed this suit to recover treble damages for alleged violations of the Sherman Act, 15 U.S.C. §§ 1, 2, 15. Defendants pleaded two affirmative defenses: first, that the action was barred by the four-year statute of limitations (15 U.S.C.A. § 15b); and, second, that the district court lacked subject matter jurisdiction because the matter complained of had been litigated before the Interstate Commerce Commission in a prior proceeding initiated by plaintiff and had been decided against plaintiff.

■ These defenses were segregated for separate trial to the court. After trial the court dismissed the action on both grounds. In sustaining the second ground the district court said:

"On the issue of jurisdiction, the evidence particularly the testimony of Mr. Ellingson, shows that the plaintiffs' claim is no more than an attack on rates which plaintiff unsuccessfully challenged before the Interstate Commerce Commission. Ellingson Lumber Company, 310 I.C.C. 249 (1960). Under these circumstances, this Court is without jurisdiction to consider plaintiff's claim. See Standard Oil Company (Indiana) v. United States, 283 U.S. 235 [51 S.Ct. 429, 75 L.Ed. 999] (1931); Keogh v. Chicago & Northwestern Railway Company, 260 U.S. 156 (43 S.Ct. 47, 67 L.Ed. 183] (1922). Although plaintiff asserts that defendants have continued to discriminate in favor of plaintiff's

competitors and that the Commission's decision is not involved in this action, plaintiff failed to produce any evidence to support these vague allegations."

We agree with the trial court.

Plaintiff's principal contentions before both the Commission and the trial court were that certain of defendants' rates were unreasonable and discriminatory and that defendants gave preferences to a competitive mill owned by defendant Great Northern. The Commission decided these issues against plaintiff. Ellingson Lumber Co. v. Great Northern Ry., 310 I.C.C. 249, 256 (1960). The cases cited by the trial court preclude relitigation of the issues in a private antitrust treble damage action in a a district court. *See also* Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 491 n. 8, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968); Georgia v. Pennsylvania R. R., 324 U.S. 439, 453, 457–458, 65 S.Ct. 716, 89 L.Ed. 1051 (1945); *cf.* Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 224, 86 S.Ct. 781, 15 L.Ed.2d 709 (1966).

■ It is true that the Commission found one aspect of defendants' so-called "cutback" rate unlawful. But under the authorities cited (*see, e. g.,* Standard Oil Co. v. United States, 283 U.S. 235, 240–241, 51 S.Ct. 429, 75 L.Ed. 999 (1931), submission of this issue to the Commission in support of a claim for reparations constituted an election of remedies; and plaintiff is bound by the election even though it is now dissatisfied with the remedy it chose. Moreover, contrary to plaintiff's contention, the Commission held the "cutback" rate lawful in all respects but one, and plaintiff's own evidence established that the consequences of which plaintiff complains flowed from the rate in the form approved by the Commission.

The record also supports the trial court's conclusion that the miscellany of charges which plaintiff argues were not

---

* Honorable William M. Byrne, Senior Judge of the United States District Court for the Central District of California, sitting by designation.

before the Commission (alleged preferences to defendant Great Northern's Klamath Falls mill, circumstances surrounding the sale of that mill, and alleged preferences to another mill competing with plaintiff) were merely vague allegations, insufficient to impair the overwhelming showing that the real substance of plaintiff's complaint had been submitted to the Commission and resolved in defendants' favor.

Plaintiff contends that the court improperly limited discovery.

 Under Federal Rule of Civil Procedure 42(b) the court had power "in furtherance of convenience or * * * when separate trials will be conducive to expedition and economy, * * * [to] order a separate trial * * * of any separate issue or issues." It is implicit that the court also had power to limit discovery to the segregated issues. *See* Hayden v. Chalfant Press, Inc., 281 F.2d 543, 544 (9th Cir. 1960); Decker & Allard, Separation and Separate Presentation of Issues in Antitrust Cases, 4 Corp. Prac.Comm. 40, 61 (1962). One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues. *See* Schwartz, Severance—A Means of Minimizing the Role of Burden and Expense in Determining the Outcome of Litigation, 20 Vand.L.Rev. 1197, 1204–05 (1967); Note, Separate Trial of a Claim or Issue in Modern Pleading, 39 Minn.L.Rev. 743, 758 (1955).

As we read the record, the only limitation which the trial court imposed upon discovery was to restrict it to the segregated issues. The court's disallowance of certain of plaintiff's interrogatories was expressly subject to the right to file supplemental interrogatories relevant to the segregated issues if plaintiff wished to do so, and plaintiff apparently did not. So far as the record shows, plaintiff did not seek to take depositions, secure the production of documents, or request admissions.

After completion of briefing we raised the question whether there had been a waiver of a right to jury trial on the segregated issues. The parties submitted supplemental memoranda addressed to that issue. Assuming the point may be considered though not raised below, the record establishes a waiver.

Affirmed.