Reuben LENSKE and Rose Lenske, husband and wife, and Orville Heddon and Louise Heddon, husband and wife, Appellants,

v.

Sidney STEINBERG, Melvin Steinberg and Gladys Chudner, Appellees.

No. 22927.

United States Court of Appeals Ninth Circuit.

Aug. 6, 1969.

Reuben Lenske (argued), Portland, Or., for appellants.

M. J. Montague (argued), Donald R. Stark (appeared), of Williams, Montague, Stark & Thorpe, Portland, Or., for appellees.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

PER CURIAM:

■ Appellants contend that although judgment was sought in the sum of $35,-000 and was rendered in the sum of $25,-000, the amount in controversy was insufficient to confer federal jurisdiction due to their admission of partial liability. There is no merit in this contention. See 1 Barron & Holtzoff, Federal Practice and Procedure, Rules Edition 102, § 24.

In open court, at the time of trial, appellants stipulated to the balance due and the court relied on this stipulation. Appellants now seek to avoid the stipulation, contending that it was not intended to be a settlement of disputed issues but was simply an erroneous computation upon figures agreed to by both sides. The record does not support appellants. Disputes remained which the stipulation served to settle. It cannot now be avoided and disposes, among other issues, of appellants' claim respecting two unproven $500 payments allegedly made in 1961.

The party wall and easement did not, under Oregon law, constitute impairments of "marketable title." See Ford v. White, 179 Or. 490, 172 P.2d 822 (1946). Appellants were not prejudiced by the existence of a mortgage that was subsequently paid off.

There was neither error nor abuse of discretion in the apportionment of insurance charges between the parties. The court's finding that this was pursuant to a normal protective clause was not clearly erroneous.

■ It was not error to allow interest at 6 per cent from the date of default. This was pursuant to Oregon law and was not inconsistent with the contract provision that payments made pursuant to contract should include interest at 5 per cent upon the unpaid balance. Or. Rev.Stat. 82.010; Portland v. State Bank of Portland, 107 Or. 267, 214 P. 813 (1923). Appellants' contention respecting compounding of interest was not advanced until the reply brief. We decline to consider it. Fredrick v. United States, 163 F.2d 536, 549 (9th Cir. 1947).

■ It was not abuse of discretion to decree strict foreclosure rather than foreclosure by judicial sale. Appellants had been in possession for two years without making payment. Further, the court found that values had declined and that the probable value of the mortgaged property would not exceed the balance due.

Other assignments of error we find to be without merit.

Judgment affirmed.