Robert **ELLINGSON, Jr.**,
Plaintiff-Appellant,

v.

**BURLINGTON NORTHERN, INC.,** dba **Burlington Northern Railway,** and **Western Pacific Railroad Company,** a corporation, **Defendants-Appellees.**

No. 79–4854.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1981.

Decided Aug. 17, 1981.

Bartholomew Lee, San Francisco, Cal., for plaintiff-appellant.

Peter W. Davis (on brief), Crosby, Heafey, Roach & May, Oakland, Cal., Seymour Farber, Fleischmann & Farber, San Francisco, Cal., argued, for defendants-appellees.

Before WRIGHT, TRASK and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

I. *Background.*

Ellingson appeals the dismissal of his antitrust complaint against the Burlington Northern and Western Pacific Railroads and the award of $10,000 in attorneys fees.

Ellingson and his successors in interest operated a lumber mill in Klamath Falls. When the supply of harvestable timber in

that area decreased, Ellingson purchased timber in California. In 1955 and 1957 he had it shipped on the defendant railroads, but he was dissatisfied with their charges. After negotiations, it was agreed that the railroads would give him a lower rate.

Dissatisfied, Ellingson filed a complaint against the railroads before the ICC in 1958. He alleged that the joint rate charged by the railroad was unreasonable, unjust, discriminatory and unduly prejudicial, and that Burlington Northern discriminated in favor of a mill it owned in Klamath Falls.

The ICC ruled that the rate was legal, just, reasonable and nondiscriminatory. *Ellingson Lumber Co.*, 310 I.C.C. 249 (1960).[1]

Ellingson made no shipments over the railroads' lines after 1958. Following fires in his mill, Ellingson closed down in 1963.

He sued the railroads in state court in 1964 for conspiracy and antitrust violations. A nonsuit was entered in 1966.

1967 saw Ellingson suing again, this time in federal district court in Oregon, alleging antitrust violations. The court found there were no acts within four years which damaged him, that the claim was barred by the ICC's approval of the rates, and a lack of any other evidence of anticompetitive activity.

The district court was affirmed, *per curiam, Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497 (9th Cir.), *cert. denied*, 400 U.S. 957, 91 S.Ct. 354, 27 L.Ed.2d 265 (1970). The court said that

> the real substance of plaintiff's complaint had been submitted to the Commission and resolved in defendant's favor.

424 F.2d at 499.

In 1977 Ellingson filed in California Superior Court a petition to perpetuate the testimony of one railroad director. This was denied.

Ellingson filed his complaint in the present case on March 28, 1979. After the railroads moved to strike it and dismiss, Ellingson amended on June 4, 1979. The railroads timely moved to strike the amended complaint and to dismiss. On Ellingson's application, hearing on the motion was postponed to July 19.

The motion was granted on October 4, 1979. It is unclear on what grounds the court dismissed the complaint. The court referred to res judicata and to the complaint as sham and false. There is no mention of the statute of limitations in the court's order granting motion to dismiss, although the issue was before the court.

## II. *Dismissal.*

### A. *Sham Pleadings.*

The court below dismissed the complaint as false and sham pursuant to Fed.R.Civ.P. 11.

■ Essential allegations of the complaint were false. They included allegations that a substantial portion of the timber logged in the Klamath Falls area was on land owned by the railroads when neither owned such land, that the railroads sold that land to big lumber companies, and that the railroads excluded Ellingson from financing sources and tied loans to exclusive dealing contracts when the railroads made no loans to him.

Ellingson contends that it was improper for the court to consider the affidavits in support of the railroads' motions, or judicially-noticed records from the earlier cases. This contention is wrong as a matter of policy and law.

If a court could not consider facts beyond the pleading in a motion to strike the pleadings as false and sham, then it could never dismiss. Without some facts (whether judicially noticed, from affidavits or otherwise), a court could not rule on a motion to strike

---

1. The ICC did make one adverse finding to the railroads but it did not pertain to Ellingson. It held that the territorial restrictions on the special rate were unjust.

and every complaint would always be sufficient under Rule 11, however patently false. Unless Rule 11 is meaningless, the court must be able to consider facts.

The authorities are clear that it is proper for the court to consider judicially noticeable records from prior lawsuits, *Bertucelli v. Carreras*, 467 F.2d 214 (9th Cir. 1972), and affidavits, *Pollock v. Citrus Associates of the New York Cotton Exchange*, 1979–1 Trade Cas. ¶ 62,581 (CCH) (S.D.N.Y.1978); 2A J. Moore Federal Practice ¶ 11.02 at n.9 (2d ed. 1975).

The court below properly concluded this is a case in which no opportunity to amend was necessary, *Bertucelli v. Carreras*, 467 F.2d at 215–16. He has had abundant opportunity over the years to state a claim and has failed. Nevertheless, Ellingson was given one opportunity to correct the failure to file a proper complaint.

Dismissal under Rule 11 was proper.

B. *Res Judicata.*

Ellingson contends that dismissal for res judicata was improper on procedural and substantive grounds.

1. *Procedural Issue*

He claims the motion to strike and dismiss pursuant to Rule 12 was an improper "ad hoc proceeding[ ]" and "a premature summary judgment."

■ Under Rule 12(b)(6) (failure to state a claim upon which relief can be granted), if matters outside the pleadings are considered, the motion must be treated as a Rule 56 motion for summary judgment.

Since affidavits and records of earlier cases were considered, dismissal for res judicata must satisfy the requirements of Rule 56.

Ellingson has no basis to contend that Rule 56 was not followed. He had more than one month's notice when only 10 days are required. Fed.R.Civ.P. 56(c). If the action was barred by res judicata, there were no genuine issues of fact. He cannot complain if he introduced no affidavits when he had the opportunity.

Ellingson's only argument why dismissal pursuant to Rule 56 was improper is rhetoric concerning the balance between Rule 12 and 56, and the "importance" of the issues to "many independent operators in timber business."

Assuming the action was barred by res judicata, the action was properly dismissed under Rule 56.[2]

2. *Substantive Issues*

■ The rate issues were resolved by the ICC. ICC-approved mergers of railroads are not subject to collateral attack under antitrust laws. *United States v. ICC*, 396 U.S. 491, 504, 90 S.Ct. 708, 714, 24 L.Ed.2d 700 (1970).

■ The anticompetitive allegations were at issue in the proceeding in federal court in Oregon. Since that proceeding involved the same parties and the same dispute, and was resolved on the merits,[3] the action is barred by res judicata. Restatement of Judgments, § 48 (1942); *Hooker v. Klein*, 573

---

**2.** We need not decide whether the action was properly dismissed without following Rule 56 pursuant to Rule 12(b)(1) (lack of jurisdiction).

49 U.S.C. § 9 requires an election between the ICC and district court when a party claims to have been damaged by a carrier subject to the Interstate Commerce Act (49 U.S.C. § 1 *et*

*seq.*) (1976). In 1958 Ellingson went before the ICC.

**3.** That court dismissed the action as barred by the statute of limitations. A judgment based on the statute of limitations is "on the merits." *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972).

F.2d 1360 (9th Cir.), *cert. denied*, 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978).[4]

(a) *Claims Not Previously Adjudicated.*

Ellingson advances several reasons why res judicata should not apply. He alleges his present claims were not raised in prior lawsuits. This is irrelevant.

A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie*, —— U.S. ——, ——, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

(b) *Continuing Conduct.*

He contends continuing conduct is not barred by the statute of limitations. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955), cited by Ellingson, is inapposite here. The district court below specifically found there was no subsequent conduct by railroads which affected him.[5] This finding is not clearly erroneous.

(c) *Change in Law.*

■ Contrary to Ellingson's contention, a change in law does not affect the res judicata effect of a judgment. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 *rehearing denied*, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940). Even if the earlier case was wrongly decided, it is still res judicata. *Federated Dep't Stores, Inc., supra*, —— U.S. at ——, 101 S.Ct. at 2427–29.

Ellingson did not appeal the trial court's decision, so a subsequent change in law can have no effect on the conclusiveness of the earlier case. Otherwise, no judgment would ever be final.

The "change in law" which Ellingson relies upon has no effect on his action. His damages, if any, were fixed in 1963 when he quit the lumber business. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 *rehearing denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971), applies only when damages are speculative.

Ellingson's contention that "public policy" justifies disregard of res judicata is incorrect. *Federated Dep't Stores, supra.*

The dismissal for res judicata was proper.

C. *Statute of Limitations.*

Since the court below did not rely on the statute of limitations as a grounds for dismissal, we do not discuss it.

■ When the federal claims were dismissed, it was proper to dismiss the pendent claim. *Lenske v. Steinberg*, 415 F.2d 711, 712 (9th Cir. 1969), *cert. denied*, 397 U.S. 1075, 90 S.Ct. 1523, 25 L.Ed.2d 810 (1970).

III. *Attorneys' Fees Below.*

The district court ordered Ellingson to pay defendants' attorneys' fees and said:

> [T]his court finds the plaintiff has abused the legal process and harassed defendants.
>
> The actions of plaintiff in this case in relitigating issues which have already been decided against him demonstrate bad faith and vexatiousness to warrant the award of attorney's fees against plaintiff and in favor of defendants.

A. *Attorneys' Fees Below Not Appealed.*

Ellingson did not dispute the district court's award of attorneys' fees in his opening brief and raised the issue only in reply.

Fed.R.App.P. 28(a)(2) requires the opening brief to contain, "A statement of the issues presented for review."

---

**4.** Ellingson also sued in Oregon state court, alleging anticompetitive activity. We need not decide whether that action has a res judicata effect on similar federal claims.

**5.** Ellingson's allegation that he is trying to re-enter the lumber business is irrelevant. He offered no evidence that any actions by the railroads affected him in this effort.

An issue advanced only in reply provides the appellee no opportunity to meet the contention.

> New material does not belong in a reply brief... Certainly the use of new material in a reply brief transgresses against the canons of fair forensics.

*Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976). *See also Levy v. Urbach*, 651 F.2d 1278 at 1280 n.3 (9th Cir. 1981).

The issue of attorneys' fees in the court below was not one first raised by the appellee's brief. Had it been, it could have been met in the reply brief.

The statement in appellees' brief that:

> Appellant likewise does not contest the propriety of the lower court's award of attorneys fees and costs to defendants which must therefore stand if the judgment is affirmed

is not raising an issue. *Fredrick v. United States*, 163 F.2d 536, 549 (9 Cir.), cert. denied 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360 (1947). Rather, it is putting it to rest.

 This court may consider the issue when the appellee has not been misled and the issue has been fully explored. *Greyhound Corp. v. Blakley*, 262 F.2d 401, at 407–08 (9th Cir. 1958). This is not the case here.

 Ellingson's failure to raise the issue of attorneys' fees below waives it here. *Levy v. Urbach*, 651 F.2d 1278 at 1280 n.3 (9th Cir. 1981).

 In any event, the award was proper. The Supreme Court has reiterated that attorney's fees may be awarded where an action is filed in bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–69, 95 S.Ct. 1612, 1622–27, 44 L.Ed.2d 141 (1975); *F. D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). *See also* Fed.R.Civ.P. 11.

The court below found specifically that Ellingson's lawsuit was filed in bad faith. This finding is inescapable when Ellingson filed three lawsuits, one appeal and one other action after the gravamen of his present complaint was resolved before the ICC. Furthermore, more than 20 years have elapsed since the alleged illegal conduct.

The cases cited by Ellingson are distinguishable because the claims there were colorable.

## IV. *Attorneys' Fees on Appeal.*

The railroads ask for attorneys' fees for this frivolous appeal. The action below was without merit and was patently barred by res judicata, and was properly dismissed for bad faith and false pleading. A frivolous lawsuit does not become meritorious when appealed.

Appellees will be awarded their costs and attorneys' fees. 28 U.S.C. § 1912 (1976), Fed.R.App.P. 38, *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 514–15 (9th Cir. 1978). The amount will be assessed by the district court.

AFFIRMED and REMANDED FOR HEARING on the amount of appellees' attorneys' fees and costs which are awarded to them.