Thaddeus PUDLO and Walter Pudlo, d/b/a Pudlo Food Products, et al., Petitioners,

v.

DIRECTOR, INTERNAL REVENUE SERVICE, Internal Revenue District of Chicago, Illinois, Respondent.

No. 84 C 2311.

United States District Court, N.D. Illinois, E.D.

July 11, 1984.

Dennis M. Doherty, Chicago, Ill., for petitioners.

Michael S. O'Connell, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Thaddeus Pudlo and Walter Pudlo ("Pudlos"), both in their individual capacities and as proprietors of Pudlo Food Products, filed their petition to quash an Internal Revenue Service ("IRS") summons one day late in contravention of 26 U.S.C. § 7609(b)(2)(A) ("Code § 7609(b)(2)(A)"). Chicago District IRS Director ("Director") moved to dismiss the petition as untimely filed,[1] and Pudlos acknowledged the flaw

---

1. This Court's decision in *Riggs v. United States,* 575 F.Supp. 738 (N.D.Ill.1983), among others applying the same statute, was on all fours with this case. *Riggs* held such an untimely petition dismissable for lack of subject matter jurisdiction.

as soon as it was called to their attention. Accordingly this Court granted dismissal.

At issue now is Director's contemporaneously-filed motion for an award of attorneys' fees. For the reasons stated in this memorandum opinion and order, that motion is denied.

Director's memorandum on both issues was quite lengthy, comprising 12 pages of argument, a statutory appendix and 11 exhibits. Pudlos in response acknowledged their late filing and correctly pointed out Director had engaged in overkill. Director's attorneys' fees request is based on the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), and Fed.R.Civ.P. ("Rule") 11. This opinion must determine whether petitioners and their counsel can escape liability under those provisions.[2]

■ Neither party has cited any decisions discussing awards in favor of the United States under EAJA, though by its terms it does appear to apply. There is however no need to consider the extent (if any) to which EAJA may provide the United States protection against litigation that is not "substantially justified." Director argues only that EAJA permits the United States to be awarded attorneys' fees for bad faith litigation. Because bad faith would enable this Court to award fees even in the absence of statutory authorization (see, e.g., *McCandless v. Great Atlantic & Pacific Tea Co.*, 697 F.2d 198, 200–01 (7th Cir.1983)), no question of EAJA statutory interpretation is implicated.

■ This Court finds Pudlos did not file or pursue this action in bad faith. Director argues the petition was filed for purposes of delay, but he has provided no evidence to that effect, nor has he even shown Pudlos have benefited in any way from the delay in the summons procedure caused by the filing of their petition. On the contrary, two factors strongly suggest *good faith*:

1. If Pudlos in fact had a premeditated intent to cause delay, that goal would have been far better served by a timely rather than an untimely filing.[3]

2. Once the filing defect was called to their attention, Pudlos succumbed and did not oppose dismissal of the petition.

Any finding of bad faith would be really insupportable.

■ Allowance of attorneys' fees under the newly-amended version of Rule 11 presents a more difficult question. Before its amendment Rule 11 seldom led to an award of attorneys' fees—and even then only on a finding of bad faith. See, e.g., *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir.1981). Now however Rule 11 provides attorneys' fees or other sanctions "shall" be imposed whenever based on "reasonable inquiry" a pleading is not "well grounded in fact and . . . warranted by existing law or a good faith argument for . . . modification . . . of existing law." Unlike the bad faith standard, Rule 11 is objective in its application except to the extent a litigant argues for a change in the law. See Notes of Advisory Committee on 1983 Amendment to Rule 11.

■ This Court finds Pudlos also meet the objective test of Rule 11. Their counsel's inquiry into applicable law was reasonable, albeit obviously not effective enough to avert dismissal. As interpreted by court decisions, Code § 7609(b)(2)(A) required dismissal of Pudlos' petition because it was filed more than 20 days after *issuance* of the challenged IRS summons. Pudlos' counsel's failure to have known that standard will not be deemed unreasonable in light of two factors:

---

2. Even if total escape proved impossible, this Court would have to decide whether in this case the expense of Director's hefty submission was caused more by Pudlos' petition or by unjustified and unreasonable overreaction by Director's counsel.

3. Pudlos' petition appears to have stated a valid cause of action (that is, one that would likely withstand a motion to dismiss). That being so, a timely petition would have created legitimate delays a late filing could not.

**1012**

1. Code § 7609(b)(2)(A) literally refers to filing "not later than the 20th day after the day such notice is *given.*" Pudlos filed their petition within 20 days of their *receipt* of notice, though not within 20 days of the *issuance* of notice. While case law, including this Court's opinion in *Riggs*, has found the issuance and not the receipt of notice to be controlling, the language of Code § 7609(b)(2)(A)—considered alone—does not admit of only one possible reading, and the cases interpreting it are very new.

2. Congress' imposition of a 20-day limitations period obviously mandates prompt filing of petitions to quash IRS summonses. Facing such a stringent timetable, attorneys may understandably have difficulty in reviewing controlling precedent thoroughly before filing a petition.[4]

Today at least Pudlos' failure to have complied with Code § 7609(b)(2)(A) is not unreasonable under Rule 11. As the courts' interpretation of that section becomes more familiar to attorneys practicing in the field, even one-day-late filings will likely become more suspect.

Finally it must be noted Pudlos' counsel's confession of error was exemplary. All other things being equal, this Court would be less inclined to grant awards of attorneys' fees when litigants are that forthcoming and non-obstructionist.[5] In this case the issue is not really a close one, so it is unnecessary to ascribe any weight to that factor in any event.

Director's motion for attorneys' fees is denied.

---

4. That problem is heightened when the authority is so recent as to be either in the advance sheets or the most recently bound (but unindexed) volumes of the case reports, or in even less readily accessible form. That was the situation here when Pudlos first filed their petition.

5. Pudlos' admission also characterizes Director's approach as being unnecessarily heavy-handed. Pudlos' Mem. 1 says Director in his own motion "could have simply cited *Riggs....*" That of course is an overstatement (though a flattering

---

one): One District Court opinion is scarcely definitive authority, just as one swallow does not a summer make. But more importantly, Director's counsel could simply have *called* Pudlos' counsel and cited *Riggs* and one or two like cases to him. If Pudlos did not then promptly dismiss their own petition voluntarily, Director would have a strong claim to attorneys' fees at this stage. See *Skrobacz v. International Harvester Co.,* 582 F.Supp. 1192, 1195–96 (N.D.Ill. 1984).