The NORTHERN TRUST COMPANY, Plaintiff,

v.

L.A. MULLER, Defendant.

No. 84 C 1073.

United States District Court, N.D. Illinois, E.D.

Aug. 28, 1985.

Howard J. Roin, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Thomas W. Waters, Morrissey & Kay, Oak Brook, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's April 25, 1985 memorandum opinion and order (the "Opinion") suggest-

ed the possible liability of the lawyers for L.A. Muller ("Muller"), under either or both of Fed.R.Civ.P. ("Rule") 11 and 28 U.S.C. § 1927 ("Section 1927"), for a portion of the attorneys' fees and expenses incurred by Northern Trust Company ("Northern") in this action.[1] In response Northern petitioned for its fees and expenses (in part against Muller and in part against the lawyers), and one of Muller's lawyers—Thomas Wilson Waters ("Waters")—replied.

This Court has previously deferred its ruling on the motion because it was aware our Court of Appeals had in the works one or more cases posing the question of the proper interpretation of Rule 11 as amended in 1983. Now the Court of Appeals has spoken in *Rodgers v. Lincoln Towing, Inc.,* 771 F.2d 194, 204–05 (7th Cir.1985) and just last week in *Frazier v. Cast,* 771 F.2d 259, 263 (7th Cir.1985), both times confirming the same reading of Rule 11 earlier suggested by this Court in the Opinion and elsewhere.[2] Accordingly the issue is ripe for decision.

Northern's petition has been modest. It distinguishes carefully among its counsel's various services:

1. Muller but not his lawyers is sought to be made responsible for $2,703 attributable to preparation of the Complaint.

2. Miscellaneous expenses of $1,305.75 (including a skip tracer hired because Muller was evading service) are also sought to be attributed to Muller and not to his lawyers.

3. Northern's summary judgment motion, forced to be pursued because of the baseless (and bootless) arguments advanced by Muller and his lawyers and rejected in the Opinion, cost Northern $6,633.05. That expense is asked to be charged against Muller and his lawyers jointly and severally.

Waters responds in several respects. None is persuasive.

First Waters observes accurately that Rule 11 by its terms applies only to him as the signer of the offending documents, not to the firm of Morrissey and Kay. This Court need not decide whether, under the realities of law firm practice, any room exists for reading Rule 11 more expansively than its individualized language, so as to extend liability to the firm as well as to the individual signer.[3] If no such room exists, any recovery from Morrissey and Kay must look to the provisions of Section 1927 (which has been applied by the courts to impose liability on all counsel for a litigant).

On that score our Court of Appeals has also recently departed from its prior strict reading of Section 1927, applying to counsel's conduct an objective test rather than one of purely subjective bad faith. As *In re TCI, Limited,* 769 F.2d 441, 445 (7th Cir.1985) put it (citations omitted):

"Bad faith" sounds like a subjective inquiry, and this is probably why Judge Hertz looked for evidence of "malice" on White's part. Despite its sound, however, "bad faith" has an objective meaning as well as a subjective one.... A

1. Without question Muller himself is liable for all Northern's reasonable fees and expenses. What is at issue currently, then, is the possible joint and several liability of Muller's lawyers.

2. At the time of the Opinion this Court had addressed Rule 11's new "objective test of reasonableness" on several occasions (see, e.g., *In re Ronco,* 105 F.R.D. 493, 494–97 (N.D.Ill.1985), referred to in Opinion at 10). As *Ronco,* 105 F.R.D. at 497 had pointed out, the waters were muddied somewhat at that time by the mistaken quotation of revised (rather than original) Rule 11 in *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1003 n. 3 (7th Cir.1984), even though that case was dealing (*id.* at 1007) with conduct

antedating the Rule 11 amendment, so that the Court of Appeals properly applied the old "bad faith" standard. Now *Rodgers,* at 205 and *Frazier,* at 265 n. 4 have specifically said *Suslick* does not apply to revised Rule 11. *Frazier* puts matters simply (citing this Court's opinion in *Pudlo v. Director, IRS,* 587 F.Supp. 1010, 1011 (N.D.Ill. 1984)):

The [Rule 11] standard is an objective one.

3. See *Frazier,* at 266 n. 6, where the Court of Appeals was not called on to decide that issue because the Cook County State's Attorney did not seek to escape Rule 11 liability on the ground "the baseless argument was made by ... one of his assistants."

lawyer has a duty, which the recent amendment to Rule 11 emphasizes, to limit litigation to contentions "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. Our court has long treated reckless and intentional conduct as similar,.... A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care.

Precisely the same principles apply to "acting recklessly or with indifference to" the *facts*, which are equally implicated in the handling of litigation and which are always a particular focus of a Rule 56 motion. *Frazier*, announcing a like principle as to Rule 11, was dealing entirely with the factual basis for counsel's argument.

All the circumstances here strongly call Section 1927, as so read, into play. Indeed in many ways Section 1927 fits counsel's conduct better than Rule 11. Northern's Petition at 4 is accurate in stating:

> Prior to Northern's attorneys' initiation of any work on summary judgment, this Court suggested to Muller's counsel during the several status hearings that Muller's arguments were groundless. Muller's attorneys nevertheless persisted in defending the action on patently frivolous grounds. As a result, Northern was forced to go to the expense of obtaining summary judgment.

That reflects lawyers' conduct that "so multiplies the proceedings ... unreasonably and vexatiously" as to be subjected to personal responsibility under Section 1927.

Though Waters asserts reasons for putting Northern to its proof under Rule 56, not one of those items need have taken more than a few minutes' conversation between counsel—each acting in good faith to resolve the issue of Muller's unquestioned liability. Instead Muller's counsel forced Northern to the time-consuming and expensive summary judgment route. Waters' current arguments are cut from the same cloth as those found without merit—or worse—in the Opinion.

Accordingly this Court orders payment of the following amounts in addition to the full face amount of the Collateral Note:

1. $4,008.75 to be paid by Muller individually; and

2. $6,633.05 to be paid by Muller, Waters and Morrissey and Kay or any of them (such liability to be joint and several).

Those amounts are ordered to be paid forthwith. Northern may determine whether, for that purpose, it requires any separate judgment or other order in addition to this one.