**Northern J. CALLOWAY, individually and on Behalf of LMN Productions, Inc., Plaintiff,**

v.

**The MARVEL ENTERTAINMENT GROUP, A DIVISION OF CADENCE INDUSTRIES CORPORATION, James Galton, Al Brodax, Michael S. Klein, Luis Quiros, the Shukat Company, Ltd., Scott Shukat, Peter S. Shukat, Esq., Defendants.**

**The MARVEL ENTERTAINMENT GROUP, A DIVISION OF CADENCE INDUSTRIES CORPORATION, James Galton, Al Brodax, Michael S. Klein, Louis Quiros, and LMN Productions, Inc., Third-Party Plaintiffs,**

v.

**The SHUKAT COMPANY, LTD., Scott Shukat, Peter S. Shukat, Esq., Third-Party Defendants.**

**No. 82 Civ. 8697 (RWS).**

United States District Court, S.D. New York.

Dec. 23, 1986.

*v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

Radovan S. Pavelic, New York City, pro se and for LeFlore.

Ray L. LeFlore, New York City, pro se.

Sheber, Pomerantz & Slotnick, New York City, for third-party defendants Scott Shukat and The Shukat Co., Ltd.; Sol V. Slotnik, of counsel.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Luis Quiros; Stewart J.M. Breslow, of counsel.

Fred E. Scharf, New York City, for defendants The Marvel Entertainment Group and James Galton.

Arnoff & Merin, P.C., New York City, for third-party defendant Peter Shukat; Norman Arnoff, of counsel.

Brookman & Brookman, P.C., New York City, for defendants Michael Klein and LMN Productions, Inc.; Michael D. Brookman, of counsel.

Santora & McKay, New York City, for defendant Al Brodax; Robert McKay, of counsel.

SWEET, District Judge.

Radovan S. Pavelic ("Pavelic") has moved pursuant to Fed.R.Civ.P. 60(b) for an order amending this court's opinion of August 1, 1986 and order of September 12,

1986 so as to (1) relieve from and not to impose Rule 11 sanctions against the law firm of "Pavelic & LeFlore," but rather the individual attorney responsible for the signing and signer of the pleadings in question, Ray L. LeFlore, and (2) relieve from and not to impose sanctions pursuant to 28 U.S.C. § 1927 against the firm of "Pavelic & LeFlore," but rather individual counsel, Ray L. LeFlore. For the reasons discussed below, this motion is granted in part and denied in part.

In its August 1 opinion, this court imposed Rule 11 sanctions against the law firm of Pavelic & LeFlore, based on the finding that allegations of forgery and manipulation of documents set forth in the complaint and subsequent papers had no basis in fact. The individuals who signed these papers were Ray L. LeFlore, Esq. ("LeFlore") and Northern J. Calloway ("Calloway"), the plaintiff in this action. Pavelic signed none of the papers in this action until post-trial motions were made.

The prior proceedings in this action are summarized in this court's opinion of August 1, 1986, 111 F.R.D. 637, 640–43, and will not be repeated here. This action was commenced on December 29, 1982. At that time, the law firm of Pavelic & LeFlore did not yet exist; counsel of record was the law firm of LeFlore & Egan. Pavelic & LeFlore was formed in October, 1984.[1]

Rule 11 states in relevant part:

Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact.... If a pleading, motion, or other papers is

signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11 thus speaks expressly in terms of the attorney who signs a paper "in his individual name," of the "signature" and "knowledge, information and belief" of an attorney, and of "the person who signed [a paper]." *See Northern Trust Co. v. Muller*, 616 F.Supp. 788, 789 (N.D.Ill.1985). It does not expressly address the situation at issue here—whether the court can impose sanctions on a law firm, rather than an individual, as the "person who signed" the paper "in violation of this rule." The law firm is the attorney of record, and it is the law firm on whose behalf the papers are signed.

While New York State Partnership Law does not control in an interpretation of Rule 11, it is instructive on whether a partnership should be held responsible for one partner's acts and omissions. Paragraph 24 of the Partnership Law states:

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

N.Y.Partnership Law § 24 (McKinney 1948).

Although the Second Circuit in *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986), discussed Rule 11 in terms of the "signer's

---

1. By affidavit, Pavelic states that the firm of Pavelic was "not formally formed" until October, 1984 and that LeFlore did not sign any papers on behalf of Pavelic & LeFlore in this action until December, 1984. LeFlore responds by affidavit that the federal tax returns filed for the partnership for the year 1984 specifically state that such returns for Pavelic & LeFlore are for the period "May 1, 1984 through December 31, 1984." For the purposes of this motion, the date October, 1984 will be used.

conduct," *id.* at 1274, it was not concerned with the imposition of sanctions on the law firm as "signer" rather than the individual attorney. This court and others, however, have not hesitated to impose sanctions on the law firm on whose behalf a meritless pleading was signed. In *Anschutz Petroleum Marketing Corp. v. E.W. Saybolt & Co.*, 112 F.R.D. 355 (S.D.N.Y.1986), the Honorable Charles S. Haight imposed Rule 11 sanctions on the law firm as well as the client. Similarly, in *Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 542 (S.D.N.Y.1985), the Honorable David N. Edelstein imposed sanctions on the defendant's law firm for making a frivolous motion to vacate a default judgment. *Cf. Multiphase Trading Ltd. v. Weldon F. Stump & Co.*, No. 84 Civ. 1470 (S.D.N.Y. March 8, 1985) [Available on WESTLAW, DCTU database] (refusing to impose sanctions against the law firm rather than the individual attorney on grounds other than lack of power to sanction the law firm). In *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 103 F.R.D. 124 (N.D.Cal.1984), *rev'd on other grounds*, 801 F.2d 1531 (9th Cir. 1986), the district court imposed Rule 11 sanctions on the firm of Kirkland & Ellis for the filing of a frivolous motion, even though an associate of the firm acknowledged responsibility for the preparation of the motion and local counsel signed the papers. In *Frazier v. Cast*, 771 F.2d 259 (7th Cir.1985), the Seventh Circuit affirmed the imposition of sanctions on the state attorney under the *"respondeat superior"* doctrine for an infraction by an assistant state attorney. *Id.* at 260.

The purpose of the 1983 amendments to Rule 11 was to increase the effectiveness of Rule 11 in deterring abuses by expanding the equitable doctrine permitting the court to award expenses to a litigant whose opponent sets forth frivolous claims and defenses. *See* Fed.R.Civ.P. 11 Advisory Committee Note. This stated purpose is furthered by including as a "person" who signed a paper the law firm in whose name

and on whose behalf it was signed. The partnership, as counsel of record, should have as much of a stake in certifying the factual and legal basis of a paper as the individual who signs it on the partnership's behalf. Only if the partnership as a whole is held responsible for the acts of its attorneys will the potential of the rule in curbing abuses be fully recognized. *Cf. Northern Trust Co. v. Muller*, 616 F.Supp. 788, 789 (N.D.Ill.1985) ("This court need not decide whether, under the realities of law firm practice, any room exists for reading Rule 11 more expansively than its individualized language, so as to extend liability to the firm as well as to the individual signer").

In sum, sanctions will be imposed on both the individual attorney and the law firm on whose behalf he signed the papers. In addition, the amount of attorneys' fees charged to Pavelic & LeFlore must be reduced to take account of the period of time in which the firm of Pavelic & LeFlore was not in existence. During the period from December 29, 1982 to October, 1984, LeFlore signed papers including the complaint, amended complaint, and papers in opposition to a motion for summary judgment. From October, 1984 the date that Pavelic & LeFlore was formed, to the trial date in April, 1986, further papers were signed on behalf of Pavelic & LeFlore, including the pretrial order, served on March 25, 1986. Pavelic & LeFlore cannot be held responsible for papers signed before the firm came into existence. In *Oliveri*, the Second Circuit held that the application of Rule 11 is limited to testing the attorney's conduct at the time the paper is signed. *See Oliveri, supra*, 803 F.2d at 1274–75. Since there is no continuing obligation on the part of the attorney to withdraw a paper asserting a claim that later proves to be groundless, Pavelic & LeFlore cannot be held responsible for pleadings signed prior to October, 1984.[2]

**2.** Pavelic's claim that Pavelic & LeFlore was never formally substituted as counsel and therefore cannot be subject to sanctions is without

merit. It is undisputed that the firm was representing Calloway from October, 1984 through the end of trial.

Looking back on the four years which this action consumed, it is impossible to allocate to individual pleadings, motions or other papers the reasonable expenses incurred by the defendants in defending against the frivolous allegations. Instead, it is appropriate to allocate the $100,000 in sanctions on the basis of the fraction of the four years in which Pavelic & LeFlore was in existence. Since this action consumed twenty-one months before the creation of Pavelic & LeFlore in October, 1984, and twenty months until the end of trial in May, 1984, this court shall impose sanctions of $50,000 on Ray L. LeFlore individually, and $50,000 on Ray L. LeFlore and Pavelic & LeFlore, jointly and severally.

 Pavelic also challenges the imposition of sanctions pursuant to 28 U.S.C. § 1927 against the firm of "Pavelic & Le-Flore" for refusing an offer of settlement from defendant Luis Quiros ("Quiros"), following the court's opinion of February 26, 1986, that would have provided Calloway with all the relief he could possibly expect to recover from Quiros, who had been discharged in bankruptcy. To impose a sanction under 28 U.S.C. § 1927 requires a "clear showing of bad faith" on the part of the attorney. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1010 (2d Cir.1986). Although this court's opinion of August 1 did not explicitly state that Pavelic & Le-Flore was acting in bad faith, the circumstances surrounding the rejection of the settlement offer at that time, including the failure to explain the refusal of the offer, demonstrate bad faith.

Pavelic also argues that Quiros has waived his right to request sanctions under 28 U.S.C. § 1927. After trial had commenced, Pavelic & LeFlore accepted the same settlement offer. The stipulation and order dismissing the action against Quiros provided that "this action is dismissed, pursuant to Fed.R.Civ.P. 41(a), as against Mr. Quiros with prejudice and without costs to each party as against the other." While "costs" would include attorneys' fees in cases where statutorily conferred attorneys' fees are involved, *see Marek v. Ches-*

*ny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), they should not include attorneys' fees imposed as a sanction for the bad faith refusal of the same settlement offer earlier in the litigation.

Therefore, the imposition of $23,000 in attorneys' fees on Pavelic & LeFlore under 28 U.S.C. § 1927 is reaffirmed.

IT IS SO ORDERED.