**Satish KUMAR; Sarda Devi Kumar; Sandeep Kumar, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–74659.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Jan. 10, 2007.

Dominic E. Capeci, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

BEFORE: CANBY, COX,* and PAEZ, Circuit Judges.

MEMORANDUM **

Satish Kumar, Sarda Kumar, and Sandeep Kumar, natives and citizens of Fiji, petition this court for review of a decision by the Board of Immigration Appeals (BIA) denying their "*Sua Sponte* Motion to Reopen" deportation proceedings. In this motion, the Kumars argued that ineffective assistance of former counsel constituted an exceptional circumstance that warranted equitable tolling of the time and numerical limitations on the filing of motions to reopen. In their brief to this court, the Kumars contend that the BIA

---

* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

should have granted their motion because their prior counsel's ineffective assistance deprived them of an opportunity to appeal the immigration judge's denial of their asylum petition.

We lack jurisdiction to review the BIA's refusal to exercise its *sua sponte* discretion to reopen. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). But because the BIA should have construed the Kumars' misnamed request for relief as a motion to reopen,[1] we have jurisdiction under 8 U.S.C. § 1252(b) to consider whether the BIA abused its discretion when it ruled that the Kumars were not entitled to equitable tolling based on their prior counsel's ineffective assistance.[2] We conclude that it did.

The Kumars were victimized over a period of years by an unscrupulous immigration consultant who, aided by the covert assistance of an unscrupulous attorney, persuaded the Kumars to pay relatively large sums of money in exchange for false assurances of competent representation. These repeated assurances related both to the original application for relief and to a promised reopening after the original appeal and a first motion to reopen had been dismissed. Although the BIA acknowledged that the Kumars were prejudiced by ineffective assistance of counsel, it found that they were not entitled to equitable

tolling because they failed to exercise due diligence after discovering that their appeal had been dismissed, and that later an attorney whom they had never met had signed a court document submitted on their behalf. Because we conclude that the Kumars reasonably relied on the assurances of their representative that the dismissed proceedings would be reopened, and that the unknown attorney's signature would not have put reasonable persons in the Kumars' position on notice concerning the need to retain new counsel, we determine that the BIA abused its discretion in refusing to apply equitable tolling.

After tolling is taken into account, the Kumars complied with the 90–day limitations period for filing a motion to reopen. Accordingly, the BIA's decision is REVERSED and REMANDED with directions to grant the Kumars' motion to reopen.

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED with instructions.**

COX, Circuit Judge, dissenting:

In addition to finding that Mr. Smith signed a document on the Kumars' behalf, the BIA found that, though the Kumars had been assured previously by their consultant that he would file an appeal on

---

1. Motions to the BIA asserting entitlement to equitable tolling based on newly discovered ineffective assistance of counsel are properly treated as motions to reopen. The BIA has discretion to recharacterize improperly labeled motions. *See, e.g., Iturribarria v. INS*, 321 F.3d 889, 891 (9th Cir.2003) ("Where the facts surrounding allegedly ineffective representation by counsel were unavailable to the petitioner at an earlier stage of the administrative process, motions before the BIA based on claims of ineffective assistance of counsel are properly deemed motions to reopen."); *Varela v. INS*, 204 F.3d 1237, 1239 n. 4 (9th Cir.2000) (improperly titled "motion to reconsider" alleging entitlement to equitable tolling

based on ineffective assistance of counsel was properly construed as a motion to reopen).

2. The Kumars failed to raise the equitable tolling issue in their brief before this court; however, we have discretion to consider it because the Government recognized its materiality, and discussed it at length in its opening brief. *See Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir.1981) ("This court may consider [an issue not raised by the appellant] when the appellee has not been misled and the issue has been fully explored."), citing *Greyhound Corp. v. Blakley*, 262 F.2d 401, 407–08 (9th Cir.1958).

their behalf, the Immigration and Naturalization Service notified Mr. Kumar on November 5, 2001 that he did not have an appeal pending before the BIA. (CAR 4.) The BIA also found that the Kumars contend (despite having received the INS notice in November 2001) that they first learned their appeal had been dismissed in September 2002, but they did not retain new counsel until almost two years later, in July 2003, after they received letters from the Department of Homeland Security ordering them to report for deportation to Fiji the following month. (CAR 5.)

On these facts (which the Kumars do not dispute), I do not find that the BIA erroneously found that the Kumars failed to exercise due diligence in pursuing their case. Therefore, the BIA did not abuse its discretion by refusing to grant the Kumars the benefit of equitable tolling. *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) ("This court ... recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, *as long as the petitioner acts with due diligence in discovering the deception, fraud, or error.*") (emphasis added) (citations omitted).

In order to find an abuse of discretion, the majority disregards the BIA's factual finding that the Kumars did not act with reasonable diligence and makes its own finding of fact—that the Kumars reasonably relied on the assurances of their dishonest representative. On this record, I do not think a court of appeals can so conclude.