**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE JAUREGUITO,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FEATHER RIVER COMMUNITY COLLEGE,<br><br>　　　　　　Defendant - Appellee. | No. 11-17643<br><br>D.C. No. 2:06-cv-02687-KJM-GGH<br><br><br>MEMORANDUM[*] |
| PAUL THEIN,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FEATHER RIVER COMMUNITY COLLEGE,<br><br>　　　　　　Defendant - Appellee. | No. 11-17651<br><br>D.C. No. 2:06-cv-01777-KJM-GGH |

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| LAUREL WARTLUFT, | No. 11-17653 |
| --- | --- |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02023-KJM-GGH |
| v. | |
| FEATHER RIVER COMMUNITY COLLEGE, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Michelle Jaureguito ("Jaureguito"),[1] Paul Thein ("Thein"), and Laurel Wartluft ("Wartluft") (collectively, "the Employees") appeal the adverse summary judgment grant on their retaliation claims brought under Title IX and the California Fair Employment and Housing Act ("FEHA") against Defendant-Appellee, Feather River Community College ("FRCC").  We vacate and remand.

The district court applied claim preclusion to the Employees' Title IX and FEHA retaliation claims based on a California State Personnel Board ("SPB")

---

[1]  Plaintiff-Appellant Jaureguito has apparently changed her name since filing her federal lawsuit and is proceeding as Michelle Henley in her California state court action.

decision. On appeal, the Employees argued that claim preclusion did not apply because FRCC consented to litigation in multiple fora, and they could not raise their Title IX claim before the SPB. They argued that issue preclusion could not apply because the issues in each proceeding were not identical.

After the initial briefs were filed, we granted both parties leave to file supplemental briefs on relevant new developments. The Employees argued that the SPB decision cannot preclude their Title IX and FEHA retaliation claims because a California Superior Court has since vacated this decision, thus eliminating the basis for the district court's application of claim preclusion. FRCC argues the Employees have waived this issue because they failed to raise the pendency of an appeal of the SPB decision in their opening brief.

While we do not generally consider matters not properly raised in an opening brief, *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), we have discretion to consider an issue not properly raised when the appellee has not been misled and the issue has been fully explored, *see Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981), *superseded by rule on other grounds as stated in PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007). Here, the issue of the SPB decision's finality in light of the California Superior Court's decision

3

has been briefed and argued by both parties and FRCC has not been misled. We therefore exercise our discretion to consider the issue.

Under California law, a final decision on the merits must exist before claim or issue preclusion can apply to a claim or issue in a subsequent proceeding. *See Trujillo v. Santa Clara County*, 775 F.2d 1359, 1366 (9th Cir. 1985) (discussing California claim preclusion requirements, including that the prior judgment must be final and on the merits); *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (stating that a threshold requirement for issue preclusion is that the decision in the former proceeding be final and on the merits); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) ("[I]n California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired." (quoting *Franklin & Franklin v. 7–Eleven Owners for Fair Franchising*, 102 Cal. Rptr. 2d 770, 774 (Cal. Ct. App. 2000) (internal quotation mark omitted)). The SPB decision has been vacated and is currently on appeal in state court. There is therefore no final decision for preclusion purposes. Because this alone requires vacating summary judgment, we need not address the Employees' other arguments.

The predicate for its entry having been vacated by action of the California courts, the district court's grant of summary judgment is vacated and the matter

4

remanded with instructions to hold the action in abeyance pending final resolution of the proceedings before the SPB and litigation attendant thereto. The parties' motions to take judicial notice of the pending California proceedings are **GRANTED**. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").

     **VACATED and REMANDED.** Each party shall bear its own costs on appeal.